## COMMISSIONER OF INTERNAL REVENUE v. CORDINGLEY.

### No. 2985.

Circuit Court of Appeals, First Circuit.

May 25, 1935.

Frank J. Wideman, Asst. Atty. Gen. (Sewall Key and J. P. Jackson, Sp. Assts. to the Atty. Gen., on the brief), for Commissioner of Internal Revenue.

Harry Parsons Cross, of Providence, R. I. (Greenough, Lyman & Cross, of Providence, R. I., on the brief), for respondent.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is a petition by the Commissioner to review a decision of the Board of Tax Appeals. The question is whether certain sums paid to stockholders of the Woonsocket Worsted Mills by that corporation for stock which was called in and canceled were taxable as dividends.

Woonsocket Worsted Mills was organized in 1901 to take over a business which had previously been carried on as a partnership. Its stock has always been closely held. The original capital was $150,000, divided into shares of $100 par value; there were no bonds or underlying securities. The business prospered, and by December, 1922, it had accumulated profits of about $1,200,000. In that month the corporation increased its capital stock by issuing as a stock dividend seven new shares for each share then outstanding, i. e., 10,-500 shares, making the new capital stock $1,200,000 divided into 12,000 shares of $100 par value. The purpose of this rearrangement of the capital structure was to bring it more into line with the actual condition of the corporation; there was no inten-

tion to avoid taxation. Shortly afterwards the business of the corporation became less profitable, and, as it continued to decline, the corporation decided in 1930 to call in and retire at $90 per share 4,000 shares of its outstanding stock. This was accordingly done; one-third of Cordingley's stock being so called in and redeemed in that year.

The Commissioner held that the sum received for the retired stock was a taxable dividend and assessed the tax accordingly. On Cordingley's appeal the Board of Tax Appeals held that this payment was not a dividend but was a distribution in partial liquidation. It accordingly disallowed the tax; and the Commissioner has appealed.

The statute in question is the Revenue Act of 1928, c. 852, § 115 (45 Stats. 791, 822, 26 USCA § 2115). The provisions in question are too long to quote in full. In substance, the statute defines dividends as "any distribution made by a corporation to its shareholders * * * out of its earnings or profits accumulated after February 28, 1913." Section 115 (a), 26 USCA § 2115 (a). It deals explicitly with "Distributions in liquidation," as to which it provides that "amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111 [section 2111], but shall be recognized only to the extent provided in section 112 [section 2112]. In the case of amounts distributed in partial liquidation * * * the part of such distribution which is properly chargeable to capital account shall not be considered a distribution of earnings or profits. * * *" Section 115 (c), 26 USCA § 2115 (c). "Partial liquidation" is defined in the statute as "a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock." Section 115 (h), 26 USCA § 2115 (h). There is an explicit provision that "a stock dividend shall not be subject to tax." Section 115 (f), 26 USCA § 2115 (f).

With reference to the redemption of stock, the statute provides that: "If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend. In the case of the cancellation or redemption of stock not issued as a stock dividend this subsection shall apply only if the cancellation or redemption is made after January 1, 1926." Section 115 (g), 26 USCA § 2115 (g).

The Treasury regulations further provide: "The question whether a distribution in connection with a cancellation or redemption of stock is essentially equivalent to the distribution of a taxable dividend depends upon the circumstances of each case. A cancellation or redemption by a corporation of a portion of its stock pro rata among all the shareholders will generally be considered as effecting a distribution essentially equivalent to a dividend distribution to the extent of the earnings and profits accumulated after February 28, 1913. On the other hand a cancellation or redemption by a corporation of all of the stock of a particular shareholder, so that the shareholder ceases to be interested in the affairs of the corporation does not effect a distribution of a taxable dividend." Treasury Regulations 74, art. 629. See, too, article 625.

It is clear that the statute contemplates partial liquidation of corporations, accompanied by partial retirement of outstanding stock; and that amounts paid for the retired stock are not taxable dividends, except as stated in subsection (g). The Commissioner's contention that payments made by a corporation in exchange for its stock are taxable as dividends except when made in pursuance of a plan for complete liquidation of the corporation cannot be sustained. See Commissioner v. Brown, 69 F.(2d) 602, 604 (C. C. A. 7), certiorari denied 293 U. S. 579, 55 S. Ct. 81, 79 L. Ed. ——; Commissioner v. Babson (C. C. A.) 70 F.(2d) 304.

The present case turns on the provisions of subsection (g), 26 USCA § 2115 (g), i. e., whether the redemption of stock here in question was made "at such time and in such manner as to make the distribution [of money] and cancellation or

redemption in whole or in part essentially equivalent to the distribution of a taxable dividend." This provision appeared first in the Revenue Act of 1921, c. 136, § 201 (d) (42 Stats. 227, 228), and it has been continued with slight changes in phraseology in the Revenue Acts of 1924, c. 234, § 201 (f) (43 Stats. 253, 255, 26 USCA § 932 and note), and 1926, c. 27, § 201 (g) (44 Stats. 9, 10, 26 USCA § 932 (g), and with greater elaboration in the Revenue Act of 1928, c. 852, § 115 (g) (45 Stats. 791, 822, 26 USCA § 2115 (g). Under these acts it is the settled view of the Board of Tax Appeals that sums paid in retirement of stock were not taxable as dividends, unless the retirement was made in pursuance of a plan formed at the time when the stock was originally issued; or as a cloak for the distribution of earnings. This view of the statute was upheld in Commissioner v. Babson, supra, and Commissioner v. Brown, supra. It is practically conceded that there was no such plan in connection with the original issue of the stock dividend in this case; and the Board has found in effect that the retirement of stock here in question was not made as a cloak for the distribution of earnings. If the view of the statute above stated is correct, the decision appealed from was right.

It is said on behalf of the Commissioner that this view of the statute is unsound, and that the result does great violence to the principles underlying our taxation of income; that it sanctions the distribution of earnings without any tax on them as dividends. This objection goes very deep; it completely upsets a long-accepted view of the statute in question. It would make taxable as dividends all sums paid in retirement of stock which was originally issued as a stock dividend to capitalize accumulated earnings; it gives no effect to the words of the statute "at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend" (section 115 (g), 26 USCA § 2115 (g), and an expression which, as the context shows, is used with express reference to stock "issued as a stock dividend" (section 115 (g); and it is in conflict, not only with the decisions of the Board of Tax Appeals, but with a number of cases in the Courts of Appeal. Cases supra; Hyman v. Helvering, 63 App. D. C. 221, 71 F.(2d) 342; Randolph v. Commissioner (C. C. A. 8) 76 F.(2d) 472, February 27, 1935.

The statute clearly contemplates that stock dividends may be issued and redeemed; it makes explicit provision as to the taxation of sums paid in such redemption; it recognizes that the capitalization of earnings by means of stock dividends is not a distribution of earnings and is not taxable. Section 115 (f). "The statute does not provide that every cash redemption of shares shall be treated per se as a dividend, but only those which because of some circumstance of time and manner are in fact the essential equivalent of a dividend." Fitzhenry, J., Commissioner v. Brown (C. C. A.) 69 F.(2d) 602, 604. To hold that stock, issued as a stock dividend to capitalize accumulated earnings, is, if redeemed, taxable as a dividend to the full amount paid for it, would be in effect to impose on such stock an undisclosed lien, and would be extremely unfair to intervening purchasers who had bought such stock after the stock dividend had been issued. Such purchasers would find on the redemption of the stock that a large part of their capital investment was taxed as income. The result of the decision appealed from is by no means so unfair to the government as the Commissioner contends. If the corporation prospers, the capitalized earnings will be reflected in the price of its stock and ultimately taxed as profits when the stock is converted into money by sale or redemption.

We think there was a consistent legislative purpose in the statutes beginning with the act of 1921 and extending into the act of 1928, viz., that corporations should be permitted to capitalize earnings by stock dividends issued for legitimate purposes, that stock so issued should stand on the same footing as other stock, and that the owner of it should be taxed on the profit or loss when it was converted into money. As has been said, this view has been long accepted by the Board of Tax Appeals and by various Courts of Appeal before which the question has come.

This being the law, a question of fact is presented whether the redemption in question was made "at such time and in such manner as to make the distribution * * * essentially equivalent to the distribution of a taxable dividend." Section 115 (g). On agreed facts and the testimony of Mr. Cordingley and certain docu-

mentary exhibits, the Board of Tax Appeals found that it was not. We see no sufficient ground for rejecting the Board's finding in this respect. Helvering, Commissioner, v. Rankin, Executor, 295 U. S. 123, 55 S. Ct. 732, 79 L. Ed. ——, decided April 29, 1935; Randolph v. Com'r, supra; Com'r v. Babson, 70 F.(2d) 304, 305 (C. C. A. 7).

The decision of the Board of Tax Appeals is affirmed.