### HILL v. COMMISSIONER OF INTERNAL REVENUE.
### No. 10188.

Circuit Court of Appeals, Fifth Circuit.
March 17, 1942.

Joseph B. Brennan and Randolph W. Thrower, both of Atlanta, Ga., for petitioner.

Benjamin M. Brodsky, J. Louis Monarch, Gerald L. Wallace, and Warren F. Wattles, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D.C., for respondent.

Before FOSTER, SIBLEY, and McCord, Circuit Judges.

McCORD, Circuit Judge.

The petitioner, Walter C. Hill, seeks reversal of a decision of the Board of Tax Appeals sustaining the Commissioner's determination of a deficiency in income tax against him in the amount of $1,720.02 for the year 1937.

The facts are stipulated. The taxpayer has long been a stockholder and employee of Retail Credit Company, serving as president of the corporation since January 27, 1932. In 1931 the charter of the Retail Credit Company was amended, and issuance of 50,000 shares of "Class 'A' no par value $6.00 cumulative preferred stock" was authorized. The board of directors further authorized issuance of a stock dividend of one share of the Class "A" Preferred Stock for each five shares of common stock; fractional shares to be sold or purchased on the basis of $100 for each share of the Class "A" Preferred Stock. Pursuant to these resolutions, 22,296 Class "A" shares were issued to 364 stockholders; 20,934 shares being issued as

---

[12] But see Radiant Glass Co. v. Burnet, 60 App.D.C. 351, 54 F.2d 718.

stock dividends, and 1,362 shares being sold for cash at $100 per share. It was provided that this Class "A" Preferred Stock was non-voting except in the event of a dividend default; that it was callable in whole or in part at $105 per share plus accrued dividends; and that the corporation might from time to time reissue Class "A" Preferred Stock redeemed, purchased, or otherwise acquired by it, and resell any of the stock so redeemed at such price as might be fixed by the board of directors.

In 1931, pursuant to resolution, the corporation by contract designated DeKalb Securities Company as clearing house or trading center for Class "A" Preferred Stock. Thereafter in 1931 and years following Retail Credit Company proceeded to purchase and cancel large numbers of shares of the Class "A" Preferred Stock. On January 27, 1937, the board of directors adopted another resolution authorizing purchase and retirement of additional shares of Class "A" Preferred Stock at $105 per share. Pursuant to this resolution a total of 1,396 shares were purchased and immediately canceled during the year 1937. Included in these 1,396 shares were 74 shares which belonged to the petitioner, and the proceeds from which are here in question.

Of the 22,296 shares of Class "A" Preferred Stock issued by Retail Credit Company in 1931, the petitioner received 1,304 shares as dividends on his common stock, and he purchased 15 shares at $100 per share. These shares were disposed of by him as follows: gifts to family, 740 shares; sales to DeKalb Securities Company, 405 shares in 1933, 100 shares in 1934; and sale of 74 shares to Retail Credit Company in 1937 "for the purpose of diversifying his holdings."

Hill received $7,770 for the 74 shares of Class "A" Preferred Stock which he sold to Retail Credit Company, and he contends here as he did before the Board of Tax Appeals that the transaction falls within the ambit of Section 117(a) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev. Acts, page 873, and that in computing his income tax liability for the year 1937 only 30 per cent of the gain on the transaction should be taken into account. The Board of Tax Appeals held that the $7,770 received by Hill in payment for his 74 shares of Class "A" Preferred Stock "represented 'amounts distributed in partial liquidation' as that term is used in section 115(c) and defined in section 115(i) of the Revenue Act of 1936 [26 U.S.C.A. Int.Rev.Acts, pages 868, 871]; and that 100 per centum of petitioner's gain should be taken into account in computing his net income as provided in section 115(c) rather than 30 per centum thereof as provided in section 117(a) of the same Act."

We agree with the Board of Tax Appeals. The fact that the corporation might have reissued stock which it purchased or might have issued additional stock up to the authorized limit is not controlling, and it is not pretended that the company ever reissued or intended to reissue the stock which it bought and canceled. The stipulated facts speak this finding. The Retail Credit Company bought taxpayer's 74 shares of Class "A" Preferred Stock for the purpose of retiring it, and, to use the words of the stipulation, the stock was "immediately canceled during the year 1937." We think it clear that the transaction was a distribution by Retail Credit Company in complete cancellation or redemption of a part of its stock, and that as such the amount paid to taxpayer for his stock constituted an amount distributed in partial liquidation of the corporation within the definition of Section 115(i) of the Revenue Act of 1936. Under Section 115(c) the entire gain realized by the taxpayer must be taken into account. Amelia H. Cohen Trust v. Commissioner, 3 Cir., 121 F.2d 689.

The petition is denied and the decision of the Board of Tax Appeals is affirmed.