**FRY et al. v. HELVERING, Commissioner of Internal Revenue.**

**Nos. 91, 92.**

Circuit Court of Appeals, Second Circuit.

June 19, 1942.

Henry Van Wyck, Herbert M. Teets, and Lewis C. Thompson, all of New York City, for petitioners.

Morton K. Rothschild, Sp. Asst. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The articles of incorporation of the Timken-Detroit Axle Company of 1909 provided that "preferred stock may be redeemed at not less than par at a time and price hereby fixed and to be also expressed in stock certificate thereof." On the reverse side of the preferred stock certificates which the company issued in pursuance of this power, it reserved the privilege to redeem the whole or any part of the preferred stock on the payment of 110%, the reservation concluding with the following language: "All sinking fund preferred stock so purchased or redeemed shall forthwith be cancelled and the total authorized amount of sinking fund preferred stock of the company shall be reduced accordingly." Arguendo we may assume—although it is not necessary to do so—that before the change of 1929 in the Ohio statute (§ 8623-18 of the General Corporation Act of Ohio), treasury shares such as these could not have been reissued at all. At any rate that amendment gave the power of reissue in these terms: "Unless otherwise provided in the articles, treasury shares may be disposed of for such considerations" (sic) "as the Board of Directors may fix." It will be observed that this preserved any limit upon the power which was "provided in the articles," so that, although the Timken-Detroit Axle Company might no doubt have changed the articles thereafter so as to be able to reissue treasury shares, it could not do so as they stood. Once bought in, such shares remained subject to the condition that they must "forthwith be cancelled," and a delay of eighteen to twenty-one months in the formal act of cancellation, while perhaps it was, strictly speaking, a violation of the articles, certainly conferred no right of reissue upon the company. This distinguishes this case from Alpers v. Commissioner, 2 Cir., 126 F.2d 58.

Order affirmed.