**DODD v. COMMISSIONER OF INTERNAL REVENUE.**

No. 10398.

Circuit Court of Appeals, Fifth Circuit.

Nov. 13, 1942.

Granger Hansell and Pope F. Brock, both of Atlanta, Ga., and John E. McClure, of Washington, D. C., for petitioner.

Benjamin N. Brodsky, Sewall Key, and Samuel H. Levy, Sp. Assts. to Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Gus T. Dodd has filed a petition for review of a decision of the Board of Tax Appeals determining that he was liable for a deficiency in income tax for the year 1935 in the amount of $18,090.56. The decision of the Board is reported, Gus T. Dodd v. Commissioner, 46 B. T. A. 7.

On October 8, 1935, Dodd entered into an agreement with the Equitable Company whereby it was agreed that he, "the owner", would deposit with Equitable, "the agent", 1200 shares of Coca-Cola Class

"A" stock. Dodd authorized the agent to sell the stock for his account, and the agreement provided in Paragraph 6 that for purposes of the agreement one share of Coca-Cola International Class "A" Stock would be considered "the equivalent of two (2) shares of Coca-Cola Company Class 'A' Stock". Paragraph 7 further provided: "The Owner hereby ratifies and confirms all acts of the Agent and of said Advisers, and neither the Agent nor the Advisers shall be liable to the Owner for any act taken pursuant to the terms of this agreement except for a wilful tort or for an act done in the absence of good faith". Pursuant to the terms of the agreement Dodd deposited with the Trust Company of Georgia, as escrow agent, 600 shares of International Class "A" Stock instead of 1200 shares of Coca-Cola Class "A" Stock, and received a receipt which stated that "as requested, we will hold this stock subject to the instructions of The Equitable Company". The 600 shares so deposited were indorsed in blank by Dodd.

Thereafter, on November 2, 1935, Equitable made an agreement with the Trust Company whereby it was agreed that the Trust Company was to cause the International Class "A" Shares deposited with it to be converted into Class "A" Shares of the Coca-Cola Company; and that such shares were then to be delivered to the Coca-Cola Company upon payment of an agreed purchase price. The Trust Company had received on deposit 12,616 shares of International Class "A" Stock, including the 600 shares deposited by Dodd; and on December 3, 1935, it delivered these shares to Coca-Cola International's transfer agent "for retirement" and in exchange for shares of Coca-Cola Class "A" Stock. The escrow agent then delivered the 1200 shares of Coca-Cola Class "A" Stock, received in exchange for Dodd's 600 shares of International Class "A" Stock, to the Coca-Cola Company for cash, and the proceeds of the sale, less certain expenses, was then paid over to Dodd.

■ It cannot be denied that the exchange of International Class "A" Shares for Coca-Cola Class "A" Shares resulted in a partial liquidation of Coca-Cola International Corporation within the meaning of Section 115(c) and (i) of the Revenue Act of 1934, c. 277, 48 Stat. 680, 26 U.S.C.A. Int.Rev.Acts, pages 703, 704. Dodd contends, however, that the exchange was not for his account, was not authorized by him, and was in no way attributable to him; and that in substance and effect the transactions constituted a sale of his International Class "A" Stock to the Coca-Cola Company for cash with the result that there was no partial liquidation but a transaction under which the taxpayer was entitled to the capital gains provision of the Revenue Act, Section 117(a). We do not agree with the contention. In a well-considered opinion the Board of Tax Appeals fully stated the facts and issues in the case and correctly decided that Dodd was liable for the tax consequences of the partial liquidation of Coca-Cola International Corporation, even though he had intended and expected that the 600 identical shares deposited by him with the escrow agent would be sold and delivered to the Coca-Cola Company for cash. 46 B. T. A. 7.

■ Dodd voluntarily entered into the agreement with Equitable and placed his International "A" Shares on deposit, and when the exchange and sale of the stock occurred he reaped the benefits of the transaction and must be held to the tax consequences. The transaction was in fact carried out as a partial liquidation of Coca-Cola International Corporation, and Dodd may not now escape liability for taxes due by contending that his agent exceeded his authority and did something that was not intended or authorized by him. If, as petitioner contends, the agent did exceed his authority, that is a matter to be settled by and between the taxpayer and his agent and not between the government and the taxpayer. The agency quarrel may not be pressed here to defeat the government's right to collect the taxes due on a consummated transaction. The tax must be computed on the basis of what was actually done rather than on what the petitioner intended to do. Davidson v. Commissioner, 305 U.S. 44, 59 S.Ct. 43, 83 L.Ed. 31; United States v. Phellis, 257 U.S. 156, 172, 42 S.Ct. 63, 66 L.Ed. 180; Weiss v. Stern, 265 U.S. 242, 254, 44 S.Ct. 490, 68 L.Ed. 1001, 33 A.L.R. 520.

The decision of the Board of Tax Appeals is affirmed.