## WOODRUFF v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10387.

Circuit Court of Appeals, Fifth Circuit.

Nov. 13, 1942.

---

[6] Helvering v. Schoellkopf, 2 Cir., 100 F.2d 415; Art. 112 (g)-1 of Treasury Regulations 86.

[7] Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355.

430

John E. McClure, of Washington, D. C., for petitioner.

Joseph M. Jones and Sewall Key, Sp. Assts. to Atty. Gen., and J. P. Wenchel, Chief Counsel, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

In 1934 and in 1935 George Woodruff exchanged Coca-Cola International Corporation stock for stock in The Coca-Cola Company, and immediately delivered the latter stock in consummation of short sales entered into in previous years. The question for decision is whether the transaction involved an exchange and a sale or whether, by reason of the relative coincidence of time and intent, it should be considered as but one transaction for tax purposes.

The question arose in this way: In 1923 the taxpayer exchanged certain previously acquired stock in The Coca-Cola Company for an equivalent number of shares of Coca-Cola International Corporation stock. In 1929 the directors of Coca-Cola International passed a resolution providing that the corporation would exchange two shares of Coca-Cola stock for each share of Coca-Cola International stock presented by any holder thereof, and that all shares of Coca-Cola International stock so received should be cancelled and retired. The taxpayer, possessing only Coca-Cola International stock in 1934 and 1935 when deliveries were required to be made under short sales of Coca-Cola stock made by him in previous years, proceeded under the terms of the resolution to exchange portions of his Coca-Cola International stock for Coca-Cola stock, which latter stock he immediately delivered to close out his short sale contracts. The Coca-Cola International stock so exchanged was cancelled and retired.

If, as the taxpayer contends, this dual operation should be viewed as one transaction for tax purposes, that is, as a sale of Coca-Cola International stock, the resulting gain would be subject to tax computations under the favorable long-term-capital-gains statute. If the procedure involved two separate transactions, first the acquisition of Coca-Cola stock in a distribution in partial liquidation, and second the sale of a short term capital asset, the tax consequences are conceded to be in the increased amount asserted by the Commissioner in his deficiency assessment.

 It is true that the tax consequences of a transaction depend upon the substance of the transaction rather than the mechanics by which it is executed;[1] but it is also true that, if a taxpayer has two legal methods by which he may attain a desired result, the method pursued is determinative for tax purposes without regard to the fact that different tax results would have attached if the alternative procedure had been followed.[2] Here the taxpayer engaged in two separate and distinct transactions, each having substance. He first surrendered Coca-Cola International stock for cancellation and retirement and received Coca-Cola stock in exchange. Under the provisions of Section 115(c) and (i) of the Revenue Act of 1934, all exchanges made by Coca-Cola International of Coca-Cola stock for its own stock under the cited resolution of 1929 constituted distributions in partial liquidation of the Coca-Cola International Corporation, and 100% of the gain realized by the taxpayer was required to be taken into account in computing his net income.[3] Thereupon the taxpayer, dealing with a different person in a separate and distinct transaction, proceeded to consummate his short sale by delivery of the Coca-Cola stock that had just been distributed to him. This was a

[1] United States v. Phellis, 257 U.S. 156, 42 S.Ct. 63, 66 L.Ed. 180; Weiss v. Stearn, 265 U.S. 242, 44 S.Ct. 490, 68 L.Ed. 1001, 33 A.L.R. 520; Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406.

[2] Commissioner v. Gilmore, 3 Cir., Aug. 28, 1942, 130 F.2d 791. Cf. Commissioner v. Webster, 5 Cir., Nov. 13, 1942, 131 F.2d 426.

[3] 26 U.S.C.A. Int.Rev.Acts, pages 703, 704. Cf. Bynum v. Commissioner, 5 Cir., 113 F.2d 1.

sale of a short-term capital asset, and the resulting loss was calculable under Section 117 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 707. No unity of purpose on the part of the taxpayer could suffice to convert these two well defined and wholly unrelated transactions into one.[4]

Affirmed.

---

[4] Cf. Valley Waste Mills v. Page, 5 Cir., 115 F.2d 466.