CARTER TIFFANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 27780.    Promulgated June 29, 1951.

*Randolph Paul, Esq., Meyer Kurz, Esq.,* and *Howard Rea, Esq.,* for
the petitioner.

*John J. Madden, Esq.,* for the respondent.

OPINION.

RAUM, *Judge:* In *James F. Boyle*, 14 T. C. 1382, affd. (C. A. 3), 187 F. 2d 557, we held that Boyle's proceeds from the December 13, 1943, sale of stock to the company constituted a taxable dividend to him under section 115 (g) of the Internal Revenue Code.[1] We gave weight to the fact that at the inception of the transaction there were three principal stockholders, and that upon completion of the various steps (including the disposition of the stock of the Glover estate), three principal stockholders remained holding their shares in virtually equal proportions.

Thus, when all the smoke cleared away, Boyle emerged with a substantially identical fractional interest in the corporation. We noted that the transaction had "too many appearances of being interrelated parts of a single operation to discard the suggested test of the *Flanagan* case [*Helvering* v. *Flanagan* (C. A. D. C.), 116 F. 2d 937, 939] as to the 'net effects of the distribution.'" As to Boyle, the December 1943, payment constituted in practical effect nothing more than a distribution of corporate profits to one whose ultimate fractional stock interest in a going concern was not substantially altered.

Respondent contends that the same result is required here, placing great stress upon the fact that petitioner similarly retained 300 shares (the same number of shares retained by Boyle), and that it was not until some months later, in May 1944, that petitioner ceased being

---

[1] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

*     *     *     *     *     *     *

(g) REDEMPTION OF STOCK.—If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend.

a stockholder of record. We think there is a crucial difference between this case and the *Boyle* case.

We are satisfied that petitioner did not retain any beneficial interest whatever in any stock of the company after December 13, 1943. Although it is true that he remained a stockholder of record, to the extent of 300 shares, until May 16, 1944, the fact is that he delivered those shares, endorsed in blank, to Gerrish on December 1, 1943, accompanied by an irrevocable proxy entitling Gerrish to vote the stock. There was never any intention that the formalities described in the option agreement would ever be carried out; it was the understanding of both petitioner and Gerrish that by the transfer of December 1, 1943, petitioner parted permanently with all interest in the 300 shares at that time. Thus, after the sale of December 13, 1943, petitioner no longer retained any beneficial stock interest whatever. His situation was wholly different from Boyle's. He sold all of his stock. The transaction was not the equivalent of the distribution of a taxable dividend as to him. We conclude that, on the facts of this case, section 115 (g) has no application to petitioner.

*Decision will be entered under Rule 50.*