## ZENZ v. QUINLIVAN.

### No. 12066.

United States Court of Appeals,
Sixth Circuit.

June 11, 1954.

M. R. Schlesinger, Cleveland, Ohio, Bert P. Hebenstreit, Toledo, Ohio, Spengler, Nathanson, Hebenstreit & Heyman, Toledo, Ohio, Grossman, Schles-

inger & Carter, Cleveland, Ohio, for appellant.

Walter Akerman, Jr., Washington, D. C., H. Brian Holland, Ellis N. Slack, Washington, D. C., John J. Kane, Jr., U. S. Atty., Cleveland, Ohio, for appellee.

Before MILLER, Circuit Judge, and GOURLEY and STARR, District Judges.

GOURLEY, District Judge.

The appeal relates to the interpretation of Section 115(g) of the Internal Revenue Code and poses the question—

 Is a distribution of substantially all of the accumulated earnings and surplus of a corporation, which are not necessary to the conduct of the business of the corporation, in redemption of all outstanding shares of stock of said corporation owned by one person *essentially equivalent to the distribution of a taxable dividend under the Internal Revenue Code?*

The District Court answered in the affirmative and sustained a deficiency assessment by the Commissioner of Internal Revenue.

After consideration of the records, briefs and arguments of counsel for the parties, we believe the judgment should be reversed.

Under the applicable statutes and Treasury Regulations a corporation's distribution of its earned surplus out of its accumulated earnings or profits or out of the earnings or profits for the taxable year is subject to tax as an ordinary dividend, but an amount distributed by a corporation in partial liquidation shall be treated as in complete cancellation or redemption of a part of its stock and as in full payment in exchange for the stock. However, if a corporation cancels or redeems its stock at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentiallly equivalent to the distribution of a taxable dividend,[1] the

---

1. "(a) Definition of dividend. The term 'dividend' when used in this chapter * * * means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made. * * * *" 26 U.S.C.A. § 115(a).

"(c) Distributions in liquidation. Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. * * * *" 26 U.S.C.A. § 115(c).

"(g) Redemption of stock.

"(1) In general. If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner

as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend." 26 U. S.C.A. § 115(g).

"(i) Definition of partial liquidation. As used in this section the term 'amounts distributed in partial liquidation' means a *distribution by a corporation in com-* plete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock." Internal Revenue Code, 26 U.S. C.A. § 115(i).

* * * * * * *

"Reg. 111, Sec. 29.115-9. Distribution in redemption or cancellation of stock taxable as a dividend.—If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it

amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of accumulated earnings or profits, shall be treated as a taxable dividend. Whether a distribution in connection with a cancellation or redemption of stock is essentially equivalent to the distribution of a taxable dividend depends upon the facts and circumstances of each case.

The question stems from the following circumstances:

Appellant is the widow of the person who was the motivating spirit behind the closed corporation which engaged in the business of excavating and laying of sewers. Through death of her husband she became the owner of all shares of stock issued by the corporation. She operated the business until remarriage, when her second husband assumed the management. As a result of a marital rift, separation, and final divorce, taxpayer sought to dispose of her company to a competitor who was anxious to eliminate competition.

Prospective buyer did not want to assume the tax liabilities which it was believed were inherent in the accumulated earnings and profits of the corporation. To avoid said profits and earnings as a source of future taxable dividends, buyer purchased part of taxpayer's stock for cash. Three weeks later, after corporate reorganization and corporate action, the corporation redeemed the balance of taxpayer's stock, purchasing the same as treasury stock which absorbed substantially all of the accumulated earnings and surplus of the corporation.

Taxpayer, in her tax return, invoked Section 115(c) of the Internal Revenue Code and Treasury Regulation 111, Section 29.115–9 (26 CFR 29.115–9, page 424) as constituting a cancellation or redemption by a corporation of all the stock of a particular shareholder, and therefore was not subject to being treated as a distribution of a taxable dividend.

The District Court sustained the deficiency assessment of the Commissioner that the amount received from accumulated earnings and profits was ordinary income since the stock redeemed by the corporation was "at such time and in such manner as to make the redemption thereof essentially equivalent to the distribution of a taxable dividend" under Section 115(g) of the Code.

The District Court's findings were premised upon the view that taxpayer employed a circuitous approach in an attempt to avoid the tax consequences which would have attended the outright distribution of the surplus to the taxpayer by the declaration of a taxable dividend.

The rationale of the District Court is dedicated to piercing the external manifestations of the taxpayer's transactions in order to establish a subterfuge or sham.

Nevertheless, the general principle is well settled that a taxpayer has the legal right to decrease the amount of what otherwise would be his taxes or altogether avoid them, by means which the law permits. Gregory v. Helvering, 293 U.S. 465, 469, 55 S.Ct. 266, 79 L.Ed. 596; Commissioner v. Tower, 327 U.S. 280, 288, 66 S.Ct. 532, 90 L.Ed. 670. The taxpayer's motive to avoid taxation will not establish liability if the transaction

represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend.

"The question whether a distribution in connection with a cancellation or redemption of stock is essentially equivalent to the distribution of a taxable dividend depends upon the circumstances of each case. A cancellation or redemption by a corporation of a portion of its stock pro rata among all the shareholders will generally be considered as effecting a distribution essentially equivalent to a dividend distribution to the extent of the earnings and profits accumulated after February 28, 1913. On the other hand, a cancellation or redemption by a corporation of all of the stock of a particular shareholder, so that the shareholder ceases to be interested in the affairs of the corporation, does not effect a distribution of a taxable dividend." 26 CFR 29.115–9, page 424.

does not do so without it. Chamberlain v. Commissioner of Internal Revenue, 6 Cir., 207 F.2d 462; United States v. Cummins Distilleries Corp., 6 Cir., 166 F.2d 17, 20; Helvering v. Chisholm, 296 U.S. 641, 56 S.Ct. 174, 80 L.Ed. 456; United States v. Cumberland Public Service Co., 338 U.S. 451, 455, 70 S.Ct. 280, 94 L.Ed. 251.

The question accordingly presented is not whether the overall transaction, admittedly carried out for the purpose of avoiding taxes, actually avoided taxes which would have been incurred if the transaction had taken a different form, but whether the sale constituted a taxable dividend or the sale of a capital asset. Chamberlain v. Commissioner of Internal Revenue, supra.

It is a salutary fact that Section 115 (c) is an exception to Section 115(a) that all distributions of earning and profits are taxable as a dividend.

The basic precept underlying the capital gains theory of taxation as distinguished from ordinary income tax is the concept that a person who has developed an enterprise in which earnings have been accumulated over a period of years should not be required to expend the ordinary income tax rate in the one year when he withdraws from his enterprise and realizes his gain.

Common logic dictates that a fair basis of measuring income is not determined upon the profits on hand in the year of liquidation but is properly attributable to each year in which the profits were gained.

We cannot concur with the legal proposition enunciated by the District Court that a corporate distribution can be essentially equivalent to a taxable dividend even though that distribution extinguishes the shareholder's interest in the corporation. To the contrary, we are satisfied that where the taxpayer effects a redemption which completely extinguishes the taxpayer's interest in the corporation, and does not retain any beneficial interest whatever, that such transaction is not the equivalent of the distribution of a taxable dividend as to him. Tiffany v. Commissioner of Internal Revenue, 16 T.C. 1443.

The statutory concept of dividend is a distribution out of earnings and profits, and normally it is proportionate to shares and leaves the shareholder holding his shares as his capital investment. Flinn v. Commissioner of Internal Revenue, 37 B.T.A. 1085.

Complete and partial liquidations are treated for the purpose of the statute, as sales with a consequent measure of gain or loss, even though the proceeds may to some extent be derived from earnings. Hellmich v. Hellman, 276 U.S. 233, 48 S.Ct. 244, 72 L.Ed. 544.

The use of corporate earnings or profits to purchase and make payment for all the shares of a taxpayer's holdings in a corporation is not controlling, and the question as to whether the distribution in connection with the cancellation or the redemption of said stock is essentially equivalent to the distribution of a taxable dividend under the Internal Revenue Code and Treasury Regulation must depend upon the circumstances of each case.

Since the intent of the taxpayer was to bring about a complete liquidation of her holdings and to become separated from all interest in the corporation, the conclusion is inevitable that the distribution of the earnings and profits by the corporation in payment for said stock was not made at such time and in such manner as to make the distribution and cancellation or redemption thereof essentially equivalent to the distribution of a taxable dividend.

In view of the fact that the application of Section 115(g) of the Internal Revenue Code contemplates that the shareholder receiving the distribution will remain in the corporation, the circumstances of this proceeding militate against treating taxpayer's sale as a distribution of a taxable dividend.

We do not feel that a taxpayer should be penalized for exercising legal means to secure a tax advantage. The con-

**918**

duct of this taxpayer does not appear to contravene the purport or congressional intent of the provisions of the Internal Revenue Act which taxpayer invoked.

We conclude that under the facts and circumstances of the present case the District Court was in error, and the taxpayer is not liable as a distributee of a taxable dividend under Section 115(g) of the Internal Revenue Code.

The decision and judgment of the District Court is reversed and the case remanded with instructions to enter judgment in accordance with this opinion.