ESTATE OF CHARLES D. CHANDLER, DECEASED, MARGARET CHANDLER BUSH, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HELEN OTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN W. BUSH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARGARET C. BUSH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 27649, 27650, 27651, 27652. Filed September 14, 1954.

*Geo. E. H. Goodner, Esq.*, and *Dewey R. Roark, Jr., Esq.*, for the petitioners.

*Joseph F. Rogers, Esq.*, for the respondent.

1160

OPINION.

BRUCE, *Judge:* Respondent contends that the Company's pro rata distribution in redemption of half its capital stock at book value was made at such a time and in such a manner as to make the distribution essentially equivalent to the distribution of a taxable dividend to the extent of earnings and profits. If respondent's contention is correct the distribution to the extent of earnings and profits loses its capital gain status acquired under section 115 (c) and (i) and is treated as a taxable dividend under section 115 (g)[1] of the Internal Revenue Code of 1939 as it applied in 1946.[2]

A cancellation or redemption by a corporation of all of the stock of a particular shareholder has been held not to be essentially equivalent to the distribution of a taxable dividend. Cf. *Carter Tiffany*, 16 T. C. 1443; *Zenz v. Quinlivan*, (C. A. 6) 213 F. 2d 914; Regs. 111, sec. 29.115-9. However, "A cancellation or redemption by a corporation of its stock pro rata among all the shareholders will

---

[1] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

(g) REDEMPTION OF STOCK.—If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend.

[2] Senate Report No. 1631, 77th Cong., 2d Sess., 1942-2 C. B. 504, 591, in proposing that the Revenue Act of 1942 amend section 115 (c) as described below, made the following statement regarding section 115 (g) :

"Under existing law the gain realized from a distribution in partial liquidation is treated, despite the provisions of section 117, as a short-term capital gain. This treatment was occasioned by the facility with which ordinary dividends may be distributed under the guise of distributions in partial liquidation, although section 115 (g) makes explicit provision for the treatment of such distributions as ordinary dividends. Inequality results, however, under the existing law in the case of unquestionable bona fide redemptions of stock not equivalent in any way to the distribution of a taxable dividend. It is believed that the proper application of section 115 (g) will prove adequate to prevent taxable dividends disguised as liquidations from receiving capital gain treatment. Accordingly, this section of the bill eliminates the provision requiring the gain from a partal liquidation to be treated as a short-term capital gain."

generally be considered as effecting a distribution essentially equivalent to a dividend distribution to the extent of the earnings and profits accumulated after February 28, 1913." Regs. 111, sec. 29.115–9. Such a redemption of stock is generally considered equivalent to a dividend because it does not, as a practical matter, change the essential relationship between the shareholders and the corporation. Cf. *Commissioner* v. *Roberts*, (C. A. 4) 203 F. 2d 304, reversing 17 T. C. 1415. But, as pointed out by the regulations, a pro rata distribution is not always "essentially equivalent to the distribution of a taxable dividend" and each case depends upon its own particular circumstances. *Commissioner* v. *Sullivan*, (C. A. 5) 210 F. 2d 607, affirming *John L. Sullivan*, 17 T. C. 1420. The circumstances in the instant case, however, do not warrant a finding that to the extent of earnings and profits the pro rata distribution was not essentially equivalent to a taxable dividend.

Being a question of fact, the decided cases are not controlling. However, in *Joseph W. Imler*, 11 T. C. 836, 840, we listed some of the factors which have been considered important, viz, "the presence or absence of a real business purpose, the motives of the corporation at the time of the distribution, the size of the corporate surplus, the past dividend policy, and the presence of any special circumstances relating to the distribution." See also *Commissioner* v. *Roberts*, *supra*, at p. 306; *Rheinstrom* v. *Conner*, (C. A. 6) 125 F. 2d 790.

An examination of the facts reveals that the Company had a large earned surplus and an unnecessary accumulation of cash from the standpoint of business requirement, both of which could have been reduced to the extent of earnings and profits by the declaration of a true dividend. The only suggested benefit accruing to the business by the distribution in cancellation of half the stock was the elimination of a substantial amount of this excess cash. Ordinarily such cash would be disposed of by the payment of a dividend. Coupled with the fact that the stockholders' proportionate interests in the enterprise remained unchanged, these factors indicate that section 115 (g) is applicable. Cf. *James F. Boyle*, 14 T. C. 1382, affd. (C. A. 3) 187 F. 2d 557, certiorari denied 342 U. S. 817; *Hyman* v. *Helvering*, (C. A., D. C.) 71 F. 2d 342, affirming 28 B. T. A. 1231, certiorari denied 293 U. S. 570.

Petitioners seek to avoid the application of section 115 (g) by contending that the cash distribution and redemption of stock did not represent an artifice to disguise the payment of a dividend but was occasioned by a bona fide contraction of business with a resulting decrease in the need for capital. While important, the absence of a plan to avoid taxation is not controlling. A distribution in redemption of stock may be essentially equivalent to a taxable dividend although it

does not represent an attempt to camouflage such a dividend. *Mc-Guire* v. *Commissioner*, (C. A. 7) 84 F. 2d 431, affirming 32 B. T. A. 1075, certiorari denied 299 U. S. 591; *Fred B. Snite*, 10 T. C. 523, affd. (C. A. 7) 177 F. 2d 819. *Commissioner* v. *Cordingly*, (C. A. 1) 78 F. 2d 118, and *Commissioner* v. *Quackenbos*, (C. A. 2) 78 F. 2d 156, both of which adopted a "bad faith" test as controlling, have either been overruled or rejected by later opinions. *Kirschenbaum* v. *Commissioner*, (C. A. 2) 155 F. 2d 23, certiorari denied 329 U. S. 726; *Long* v. *Commissioner*, (C. A. 6) 155 F. 2d 847, 850, affirming 5 T. C. 327; *Flanagan* v. *Helvering*, (C. A., D. C.) 116 F. 2d 937; *Hirsch* v. *Commissioner*, (C. A. 9) 124 F. 2d 24, affirming 42 B. T. A. 566; cf. *Fred B. Snite, supra*. Whether a cancellation or redemption of stock is "essentially equivalent" to a taxable dividend depends primarily upon the net effect of the distribution rather than the motives and plans of the shareholders or the corporation. *Flanagan* v. *Helvering, supra*, at p. 939; *James F. Boyle, supra; Smith* v. *United States*, (C. A. 3) 121 F. 2d 692, 696; cf. *Commissioner* v. *Sullivan, supra; Rheinstrom* v. *Conner, supra*. Moreover, we cannot find from the present record that the reduction of taxes was not the motivating factor causing the stockholders to make a distribution in redemption of stock rather than to declare a dividend to the extent of earnings and profits.

Petitioners' primary contention is that the sale of the department store and the opening of the smaller ladies' ready-to-wear store resulted in a contraction of corporate business. This is a vital factor to be considered, but a contraction of business per se does not render section 115 (g) inapplicable. *L. M. Lockhart*, 8 T. C. 436. Furthermore, even though it is clear that there was a diminution in the size of the Company's business, there was no contraction such as was present in *Commissioner* v. *Sullivan, Joseph W. Imler*, and *L. M. Lockhart*, all *supra*. In those cases there was a contraction of business with a corresponding reduction in the amount of capital used. Here, although the business was smaller, the amount of capital actually committed to the corporate business was not reduced accordingly. On December 31, 1945, before the sale of the department store to McArthur's Incorporated, the Company had $32,736.53 tied up in fixed assets and inventories. On December 31, 1946, after the ladies' ready-to-wear store was opened, it had $31,504.67 invested in those items. Undoubtedly the department store required larger reserves than the ladies' ready-to-wear store for purchasing inventories and carrying accounts receivable. But to the extent of earnings and profits the excess cash distributed was not created by a reduction in the amount of capital required for the operation of the business. Most of the excess cash had existed since prior to the sale of the department store and did not arise from fortuitous circumstances, as petitioners contend,

but from an accumulation of earnings beyond the needs of the business. This excess could have been eliminated by the payment of a taxable dividend, and its distribution in redemption of stock was essentially equivalent to a taxable dividend.

It is true that the entire $67,250 distribution could not have been made in the form of an ordinary dividend and to some extent a redemption of stock was required. But section 115 (g) applies if the distribution is only "in part" essentially equivalent to a taxable dividend, and here the distribution was essentially equivalent to a taxable dividend to the extent of earnings and profits.

*Decisions will be entered for the respondent.*