**Shirley H. Weaver GEORGE**

v.

**The UNITED STATES.**

**No. 359–66.**

United States Court of Claims.

Dec. 11, 1970.

J. Leighton Green, Jr., El Paso, Tex., attorney of record, for plaintiff.

W. Stephen McConnell, Washington, D. C., with whom was Asst. Atty. Gen. Johnnie M. Walters, for defendant. Philip R. Miller and Joseph Kovner, Washington, D. C., of counsel.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

---

## OPINION

### PER CURIAM:

This case was referred to Trial Commissioner Mastin G. White with directions to make findings of fact and recommendation for conclusions of law under the order of reference and Rule 134(h). The commissioner has done so in an opinion and report filed on June 9, 1970. On July 6, 1970 plaintiff filed a notice of intention to except to the commissioner's opinion. However, on October 23, 1970 plaintiff filed a motion for leave to withdraw her intent to except to the commissioner's opinion, which was allowed by the court on October 30, 1970. On November 9, 1970 defendant filed a motion that the court adopt the commissioner's findings of fact, opinion and recommended conclusion of law as the basis for its judgment in this case pursuant to Rule 141(b). Since the court is in agreement with the commissioner's opinion, findings and recommended conclusion of law, as hereinafter set forth, it hereby grants defendant's motion filed November 9, 1970 and adopts the same as the basis for its judgment in this case without oral argument. Therefore, plaintiff is entitled to recover, together with interest as provided by law, and judgment is entered for plaintiff, with the amount of recovery to be determined in subsequent proceedings pursuant to Rule 131(c).

## OPINION OF COMMISSIONER

### WHITE, Commissioner:

This is an action for the recovery of federal income taxes previously paid by the plaintiff for the calendar years 1962 and 1963. The case is here because of a controversy that arose between the plaintiff and the Internal Revenue Service over the question of the deductibility, for income tax purposes, of certain legal fees which the plaintiff paid in 1962 and 1963.

It is my opinion that the plaintiff is entitled to recover, although not to the full extent sought by the plaintiff.

For approximately 20 years prior to April 25, 1962, the plaintiff was married to W. R. Weaver ("Mr. Weaver"). They lived in El Paso, Texas. On April 25, 1962, the plaintiff obtained a decree of divorce from Mr. Weaver in an uncontested divorce suit before a state court in El Paso.

In connection with the plaintiff's divorce from Mr. Weaver, and pursuant to an agreement negotiated by their respective attorneys during the period January–April 1962: (a) the plaintiff was awarded the custody of the two daughters who had been born during the marriage and who were 16 and 12 years of age at the time of the divorce; (b) Mr. Weaver agreed to pay for the support of the children the sum of $666.67 per month per child until each child should reach the age of 21; and (c) the community property of Mr. Weaver and the plaintiff, valued at more than $6,000,000, was divided between them.[1]

The items of property received by the plaintiff in the division of the community estate had a total value at the time of $3,198,671.06.

The plaintiff's attorney in the 1962 divorce case was Tad R. Smith ("Mr. Smith"), of the El Paso law firm of Kemp, Smith, Brown, Goggin & White (now Kemp, Smith, White, Duncan & Hammond).

Mr. Weaver paid to Mr. Smith's law firm on April 26, 1962, a fee in the amount of $500 for legal services rendered to the plaintiff in connection with the preparation of the petition for divorce, the entering of the various orders and the decree in the divorce proceeding, matters pertaining to the custody and support of the children, and other related items which were considered to be routine in nature. This $500 fee is not involved in the present litigation.

---

1. The plaintiff and Mr. Weaver maintained their matrimonial domicile in Texas, which is a community property State.

The plaintiff paid to Mr. Smith's law firm a fee in the total amount of $74,500 for legal services performed (a) in connection with the suit for divorce and related matters (other than the legal work of a routine nature referred to in the preceding paragraph), and (b) in connection with the preparation of a 1-year lease on an apartment for occupancy by the plaintiff. The $74,500 fee was paid over a 2-year period, $70,000 being paid in 1962 and $4,500 being paid in 1963.[2]

In her federal income tax return for the calendar year 1962, the plaintiff claimed a deduction in the amount of $70,000 for legal fees, this being the $70,000 which the plaintiff had paid to Mr. Smith's law firm in 1962; and in her return for the calendar year 1963, the plaintiff claimed a deduction for legal fees in the total amount of $5,421.60, which included the $4,500 that the plaintiff had paid to Mr. Smith's law firm in 1963.

In September 1965, the Internal Revenue Service assessed against the plaintiff additional federal income taxes, plus interest, for the calendar years 1962 and 1963. These assessments involved the disallowance by the IRS of the deductions which the plaintiff had claimed in her income tax returns for 1962 and 1963 on account of the amounts paid to Mr. Smith's law firm during those respective years. Such assessments, in the total amount of $37,231.52, were paid by the plaintiff.

Thereafter, the plaintiff timely filed with the Internal Revenue Service claims for refunds of 1962 and 1963 income taxes, contending that the amounts which she had paid to Mr. Smith's law firm in 1962 and 1963 for legal services were properly deductible for income tax purposes. The plaintiff's claims were denied by the Internal Revenue Service on May 13, 1966.

The present action was subsequently filed by the plaintiff on October 17, 1966.

The briefs indicate that the parties would now be in agreement as to the following conclusions:

(a) the sum of $150 out of the total fee of $74,500 which the plaintiff paid to Mr. Smith's law firm was properly allocable to legal expense in connection with the apartment lease, and this sum was not deductible for income tax purposes because it did not arise in connection with the plaintiff's "profit-seeking activities" and, therefore, was a "personal" expense rather than a "business" expense (United States v. Gilmore, 372 U.S. 39, 48, 83 S.Ct. 623, 9 L.Ed.2d 570 (1963));

(b) the remaining $74,350 out of the $74,500 legal fee was allocable (1) in part to legal expense for tax advice and counsel, and (2) in part to legal expense pertaining to the acquisition of capital assets;

(c) the portion of the $74,500 legal fee allocable to legal expense for tax advice and counsel was deductible for income tax purposes (Davis v. United States, 152 Ct.Cl. 805, 811, 287 F.2d 168, 171 (1961), reversed on other grounds, 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335 (1962); Carpenter v. United States, 168 Ct.Cl. 7, 14, 338 F.2d 366, 370 (1964));

(d) the portion of the $74,500 legal fee allocable to legal expense pertaining to the acquisition of capital assets was not deductible for income tax purposes (United States v. Gilmore, *supra*, 372 U.S. at pp. 51–52, 83 S.Ct. 623; Davis v. United States, *supra*, 152 Ct.Cl. at pp. 811–815, 287 F.2d at pp. 171–173), but, instead, such portion should be allocated pro rata, as of the time of the divorce, to the cost basis of the properties which the plaintiff received in the division of the community estate (Woodward v. C. I. R., 397 U.S. 572, 574–575, 90 S.Ct. 1302, 25 L.Ed.2d 577 (1970); Gilmore v. United States, 245 F.Supp. 383 (N.D. Cal.1965)).

2. The defendant does not question the reasonableness of the fees aggregating $75,000 which Mr. Smith and his law firm received for the legal services that were performed for the plaintiff.

The controversy between the parties at the present time boils down to the question of how much of the $74,500 legal fee which the plaintiff paid to Mr. Smith's law firm was properly allocable to legal expense for tax advice and counsel, and how much was properly allocable to legal expense pertaining to the acquisition of capital assets.

The plaintiff's present contention is that the sum of $60,000 was allocable to legal expense for tax advice and counsel, and that the sum of $14,350 was allocable to legal expense pertaining to the acquisition of capital assets. Such an allocation (including $150 allocated to legal expense in connection with the apartment lease) was made by Mr. Smith when he was requested by the plaintiff to allocate the $74,500 legal fee after the controversy arose between the plaintiff and the Internal Revenue Service.

On the other hand, it is the defendant's present position that, "at most," 10 percent of the $74,500 legal fee, or $7,450, was allocable to legal expense for tax advice and counsel, and that the remainder of the $74,500 legal fee (after deducting $150 and $7,450) was allocable to legal expense pertaining to the acquisition of capital assets.

As indicated more fully in the findings of fact, most of the time, attention, and efforts which Mr. Smith devoted to the divorce case between the plaintiff and Mr. Weaver revolved around property matters, i. e., the problem of whether particular items of property controlled by Mr. Weaver were his separate property or belonged to the community estate, and especially the problem of how the community estate should be divided between the plaintiff and Mr. Weaver. There was agreement in principle on an equal division of the community property, but the actual division of the community estate was complicated by the circumstance that it did not seem desirable to the plaintiff or Mr. Weaver to split some property interests "down the middle," with each party taking half, so it was necessary to wrestle with problems of equivalency valuations and the possible tax consequences flowing from various alternatives that might be adopted respecting the division of the community estate.

Negotiations concerning the aspects of the case mentioned above were conducted by Mr. Smith with counsel for Mr. Weaver during the period January–April 1962, and a substantial amount of research was done by Mr. Smith and his law firm on legal problems involved in determining a proper and feasible division of the community estate. Mr. Smith's objective was to obtain for the plaintiff a property settlement which would not only be fair as regards the amount and value of the property received by her, but which would also be as advantageous as possible to the plaintiff with respect to the contemporary and future tax consequences.

The details concerning the negotiations relative to the status and division of the community estate, the problems encountered, and the ultimate property settlement are set out in the findings of fact and need not be repeated here. It should be sufficient for present purposes to note that both Mr. Smith and counsel representing Mr. Weaver were very knowledgeable and experienced in the field of tax law, and that their negotiations concerning the division of the community estate were influenced throughout by their respective desires and intentions to avoid, as far as might be possible, unfavorable tax consequences—both contemporary and future—for their respective clients.

The circumstance that tax problems were entangled in such a significant way with the other matters involved in effecting a mutually satisfactory division of the community estate between the plaintiff and Mr. Weaver makes it very difficult to carry out the court's present assignment of determining how much of the $74,500 legal fee which the plaintiff paid to Mr. Smith's law firm was properly allocable to legal expense for tax advice and counsel, and how much was properly allocable to legal expense pertaining to the acquisition of capital as-

sets. However, the court is aided in its task by evidence in the record to the effect that when Mr. Smith undertook to determine the amount of the fee that should be charged for all of the work performed in connection with the plaintiff's divorce proceeding and related matters, he relied on a schedule of minimum fees recommended by the State Bar of Texas and by the El Paso Bar Association. Under that schedule, the fee of an attorney in a divorce case involving a division of community property and complex legal questions was to consist of 10 percent of the first $5,000 worth of property recovered for his client, and 5 percent of the amount over $5,000.

The application of the fee schedule mentioned in the preceding paragraph to the amount of property received by the plaintiff in connection with her divorce from Mr. Weaver would have entitled Mr. Smith to a fee of approximately $150,000. However, Mr. Smith considered such an amount excessive under the circumstances of the Weaver divorce case; and he, in effect, reduced the $150,000 fee by half and charged $75,000, of which Mr. Weaver paid $500 and the plaintiff paid $74,500.

■ Thus, Mr. Smith's fee was actually based upon the value of the property which the plaintiff acquired in the divorce proceeding, and not upon the extent or value of the tax advice and counsel furnished in connection with the divorce proceeding. It necessarily follows that the plaintiff's present position to the effect that $60,000 out of the $74,500 legal fee should be allocated to legal expense for tax advice and counsel, and that only $14,350 is allocable to legal expense pertaining to the acquisition of capital assets, cannot be sustained under the facts of this case.

On the other hand, the defendant's concession that, "at most," 10 percent of the $74,500 legal fee which the plaintiff paid to Mr. Smith's law firm may properly be allocated to legal expense for tax advice and counsel seems reasonable. The evidence in the record shows that Mr. Smith and his associates devoted a total of 151.3 man-hours of legal work to the Weaver divorce case and related matters, including the property settlement. The evidence also shows that Mr. Smith customarily charged a fee based upon an hourly rate of $40 or $45 for tax advice and counsel furnished in a consultative relationship. Even if the entire 151.3 man-hours of legal work were regarded as consisting of tax advice and counsel, and such services were charged for at an hourly rate of $45, the resulting amount would be less than the $7,450 figure mentioned by the defendant as allocable to legal expense for tax advice and counsel.

Accordingly, it is concluded that the sum of $7,450, out of the $74,500 legal fee which the plaintiff paid to Mr. Smith's law firm, should be regarded as properly allocable to legal expense for tax advice and counsel. Under previous court decisions, such sum was deductible for income tax purposes.

It necessarily follows that the plaintiff, in preparing her income tax return for 1962, was entitled to claim a deduction for legal expense in the amount of $7,000 (10 percent of the $70,000 which the plaintiff paid to Mr. Smith's law firm in 1962); and that, in preparing her income tax return for 1963, the plaintiff was entitled to claim a deduction for legal expense in the amount of $450 (10 percent of the $4,500 which the plaintiff paid to Mr. Smith's law firm in 1963). The Internal Revenue Service erred in wholly disallowing the plaintiff's deductions for legal expenses in 1962 and 1963; and the plaintiff is entitled to recover in the present action pursuant to the determination stated in the preceding sentence.

■ As indicated earlier in this opinion, the portion of the $74,500 fee allocable to legal expense pertaining to the acquisition of capital assets, i. e., $66,900, should be allocated pro rata, as of the time of the plaintiff's divorce from Mr. Weaver, to the cost basis of the properties which the plaintiff received in the division of the community estate. Some of the property items which the

plaintiff received in the 1962 property settlement were disposed of by the plaintiff in 1962 with a resulting gain, and other such property items were disposed of by the plaintiff in 1963 with a resulting gain. The addition of a proportionate part of the $66,900 to the cost basis of the properties disposed of in 1962 and 1963 will, of course, decrease the gains from such property dispositions previously reported by the plaintiff in her income tax returns for 1962 and 1963, and will provide an additional ground for recovery by the plaintiff in the present action for refunds of 1962 and 1963 income taxes.

For the reasons previously stated in this opinion, the plaintiff is entitled to recover in the present action, and judgment should be entered to that effect. The amount of the recovery can be determined in subsequent proceedings under Rule 131(c).