William K. CARPENTER and Leigh P. Carpenter

v.

The UNITED STATES.

No. 192-62.

United States Court of Claims.
Nov. 13, 1964.

Davis, J., dissented.

adelphia, Pa., Dechert, Price & Rhoads, Philadelphia, Pa., of counsel.

Joseph P. Spellman, Washington, D. C., with whom was Asst. Atty. Gen. Louis F. Oberdorfer, for defendant, C. Moxley Featherston, Lyle M. Turner and Philip R. Miller, Washington, D. C., on the briefs.

Before COWEN, Chief Judge, DURFEE, DAVIS and COLLINS, Judges, and WHITAKER, Senior Judge.

DURFEE, Judge.*

■ This is a suit for income taxes. In 1957 plaintiff [1] incurred and paid certain attorney's fees arising out of an uncontested divorce and separation from his former wife. Although defendant disputes the validity of a good faith allocation made by plaintiff's attorney, the evidence establishes that at least seventy percent of the total bill of $10,031.21 paid by plaintiff to his attorney represented the fee properly allocable to services and advice as to the tax consequences flowing from the divorce and separation. Primarily, plaintiff's attorney directed his professional efforts in plaintiff's behalf to making sure, so far as possible, that the very substantial support payments agreed to be made by plaintiff to his former wife would constitute taxable alimony to the latter and hence be deductible by plaintiff. The other thirty percent of the fee was for relatively minor non-tax services rendered in connection with the divorce and separation proceedings.

■ Plaintiff contends that the part of his attorney's fees which pertained solely to services and advice on tax matters is deductible from his gross income for 1957 under Section 212(3) of the Internal Revenue Code of 1954, 26 U.S.C. § 212(3), 68A Stat. 69, as interpreted in Section 1.212–1 of the Treasury Regulations.

Gordon W. Gerber, Philadelphia, Pa., for plaintiffs, Kenneth W. Gemmill, Phil-

---

* Trial Commissioner Lloyd Fletcher has submitted an Opinion, Findings of Fact and recommended Conclusion of Law which were of great assistance in the preparation of this opinion by the court.

1. As used herein, "plaintiff" refers to William K. Carpenter. Leigh P. Carpenter is involved in this suit only by reason of the fact that she filed a joint income tax return with William K. Carpenter for the year 1957.

Section 212 of the Internal Revenue Code of 1954 provided:

"§ 212. Expenses for production of income

"In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

"(1) for the production or collection of income;

"(2) for the management, conservation, or maintenance of property held for the production of income; or

"(3) in connection with the determination, collection, or refund of any tax."

Section 1.212–1 of the Treasury Regulations on Income Tax (1954 Code) provides in pertinent part:

"Sec. 1.212–1 Nontrade or non-business expenses.

\*    \*    \*    \*    \*    \*

"(l) Expenses paid or incurred by an individual in connection with the determination, collection, or refund of any tax, whether the taxing authority be Federal, State, or municipal, and whether the tax be income, estate, gift, property, or any other tax, are deductible. Thus, expenses paid or incurred by a taxpayer for tax counsel or expenses paid or incurred in connection with the preparation of his tax returns or in connection with any proceedings involved in determining the extent of tax liability or in contesting his tax liability are deductible."

The language of the foregoing regulation, "Thus, expenses paid or incurred by a taxpayer for tax counsel \*  \*  \* are deductible," is sufficiently clear by itself to allow the deduction sought here. Moreover, the question involved is not even one of first impression in the Court of Claims. In Davis v. United States, 287 F.2d 168, 171, 152 Ct.Cl. 805, 811 (1961), this court held, on facts substantially identical to those here, that " \*  \* fees paid by plaintiff for consultation and advice in tax matters arising in connection with the settlement agreement are properly deductible from gross income" under Sec. 212(3) and the above regulation. See also Frisch, Divorce and Separation Tax Techniques, 20 N.Y.U. Inst. on Fed. Tax. 35, 49 (1962).

On certiorari, Davis was affirmed in part and reversed in part by the Supreme Court of the United States. United States v. Davis, 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335 (1962). However, the Government did not seek review on the question here involved, and the Supreme Court specifically refrained from intimating any opinion on the question, except to say, "As to the deduction of the wife's fees, we read the statute, *if applicable to this type of tax expense*, to include only the expenses of the taxpayer himself and not those of his wife." [Emphasis supplied.] See United States v. Davis, supra, at p. 74, 82 S.Ct. at p. 1195.

Thereafter, the Supreme Court decided in United States v. Gilmore, 372 U.S. 39, 83 S.Ct. 623, 9 L.Ed.2d 570 (1963) that legal expenses generated by a separation or divorce were not deductible under Section 23(a) (2) of the 1939 Code (now Section 212(2) of the 1954 Code) as " \*  \*  \* ordinary and necessary expenses  \*  \*  \* incurred during the taxable year \*  \*  \* for the  \*  \*  \* conservation  \*  \*  \* of property held for the production of income." The Court considered that section to apply only to expenses arising out of a taxpayer's profit-seeking activities. Thus, it is clear that the legal fees in question are not deductible under Section 212(2), and plaintiff does not now so contend.

However, in Gilmore, the Supreme Court specifically distinguished Section 212(2) from Section 212(3). In footnote 16 at page 48 of 372 U.S., at page 629 of 83 S.Ct., the Court stated:

"Expenses of contesting tax liabilities are now deductible under § 212(3) of the 1954 Code. This provision merely represents a policy judgment as to a particular class of expenditures otherwise non-deductible, like extraordinary medical ex-

penses, and does not cast any doubt on the basic tax structure set up by Congress."

Thus, so far as the question at issue here is concerned, there appears to be nothing in the decisions of the Supreme Court in Davis and Gilmore, which would contravene the holding of this court in Davis v. United States, supra.

Defendant urges that the decision of this court, in Davis, supra, should now be reversed because there is nothing in the statute or the regulations to indicate provision for tax counsel except in proceedings involving tax controversies. In support of this position, the Government has cited the reports of the House and Senate Committees.[2] The Committee reports make clear that Section 212(3) was primarily designed to change the rule in Lykes v. United States, 343 U.S. 118, 72 S.Ct. 585, 96 L.Ed. 791 (1952), which held that legal fees paid in connection with litigation of an issue as to gift tax liability were not deductible because a *gift tax* (rather than an income tax) was being contested. Subsection (3) of the statute allows deduction for legal expenses "in connection with the determination, collection, or refund of any tax." This language is clearly not limited in meaning to any contested tax controversy, as construed by defendant.

The primary problem in Davis, supra, was the inclusion in income *for the specific tax year* involved, of the gain from the use of appreciated property in a lump sum property divorce settlement. The instant case is concerned not only with plaintiff's tax liability for the year in which the divorce settlement was concluded, but also as to the annual deductibility from income of alimony payments in future years under Section 215 of the Internal Revenue Code for 1954. For the reasons hereinafter stated, we reaffirm the rule in Davis that "fees paid by plaintiff for consultation and advice in tax matters arising in connection with the settlement agreement are properly deductible from gross income," and hold that this rule controls in the instant case.

In interpreting this subsection of the statute, Treasury Regulations § 1.212-1 (*l*) does not restrict the deductibility of expenses for the employment of tax counsel to contest of a tax liability or preparation of tax returns for a single year. It provides, by way of illustration, four separate examples:

"expenses paid or incurred for the tax counsel *or* expenses paid or incurred in connection with the preparation of his tax return

*or* in connection with proceedings involved in *determining* the extent of his tax liability

*or* in contesting his tax liability." [Emphasis supplied.]

There is nothing in the Regulation to suggest that these four illustrative examples of legal expenses deductible under Section 212(3) are exclusive as to its application. Subsection 1(g) of the same section of the Regulation provides for the deduction of fees paid for services of, among other things, "investment counsel." Obviously, a taxpayer does not employ investment counsel *after* he has made his investments, and he should not be restricted to deduction of expenses for tax counsel solely to discover the tax consequences of what has already transpired or a tax liability already accrued. One of the purposes of a taxpayer in obtaining tax counsel is to avoid tax contests, not to create them, and this also serves the interest of the Government in collecting taxes.

The collection of Federal income taxes is accomplished in the first instance by a method of self assessment prescribed by Section 6012 of the Internal Revenue Code of 1954, and the regulations thereunder. This requires the taxpayer, in the preparation of his income tax return, not merely to submit tax information but to

**2.** The Ways and Means Committee Report (H.Rep. No. 1337, 83d Cong., 2d Sess., (3 U.S.C.Cong. & Adm.News (1954), pp. 4017, 4196)).

Senate Finance Committee Report (S.Rep. No. 1622, 83d Cong., 2d Sess., (3 U.S.C.Cong. & Adm.News (1954), pp. 4621, 4855)).

**370**

compute his own tax, and under Section 6151 to pay *"such tax."*

No exercise in semantics is required in order to conclude that by this process of self assessment, the Government in the first instance accepts the taxpayer's computation and payment of his own tax as a "determination" thereof. It may later challenge or contest the tax liability, but Section 212(3) refers to the "determination * * * of any tax," without restriction to a contested liability.

For advice in arriving at this determination, the taxpayer may consult the Internal Revenue Service, or he may under Treasury Regulations § 1.212–1(*l*) employ "tax counsel." One of the legitimate purposes of plaintiff in employing tax counsel was to minimize insofar as was legally possible the tax consequences to plaintiff of the property settlement in the divorce. These were tax consequences first, as to the tax year of 1957 when the divorce settlement was concluded and, second, as to plaintiff's future annual payments of $150,000 to his divorced wife as alimony. These tax consequences were the result of the same transaction, which had to be considered in toto in 1957 when plaintiff employed tax counsel. If plaintiff is entitled to deduct expenses for legal assistance in preparing his 1957 tax return, this legal assistance or counsel had to consider and evaluate the entire tax problem, in which 1957 was an inseparable part.

To restrict the deductibility of expense for tax counsel to the computation or contest of a tax liability for completed tax years under the particular facts in this case, would defeat the clear purpose of Section 212(3) and the Regulations § 1.212–1.

■ Accordingly, plaintiff was entitled to deduct as legal expense under Section 212(3) the portion of his attorney's fees allocable to tax counsel. The allocation by plaintiff's counsel that at least seventy percent of his services related solely to plaintiff's tax problems was conservative and reasonably accurate, and there is no evidence that in making the

allocation, plaintiff's counsel acted in bad faith. Accordingly, we accept this allocation as correct. Davis v. United States, supra. Plaintiff is entitled to recover the amount of tax paid by reason of the refusal to allow him to deduct from gross income seventy percent of the $10,031.21 total legal expenses for his own attorney in the divorce and separation, and judgment is entered to that effect. The amount of recovery will be determined pursuant to Rule 47(c) (2) of the Rules of this court.

DAVIS, Judge (dissenting):

In 1952, the Supreme Court held that an individual taxpayer could not deduct, for federal income tax purposes, attorneys' fees paid for *contesting* a gift-tax deficiency. Lykes v. United States, 343 U.S. 118, 72 S.Ct. 585, 96 L.Ed. 791. At that time the Internal Revenue Code, as it does now, permitted individuals to deduct non-trade or business expenses incurred "for the production or collection of income; or for the management, conservation, or maintenance of property held for the production of income," but the Court ruled, with three dissenters, that lawyers' fees for contesting a gift tax, unlike a struggle over the income tax or the estate tax, did not fall into either of those classes. This decision was the direct stimulus for the inclusion of Section 212(3) in the 1954 Code, and the legislative history shows that Congress did not contemplate going much, if at all, beyond permitting the deduction of attorneys' fees (or other expenses) paid in fighting tax liabilities or in dealing with the taxing authorities.

The report of the House Ways and Means Committee emphasized this aspect of the new provision (H.Rep.No.1337, 83d Cong., 2d Sess., pp. 29, A59, 3 U.S.C. Cong. & Adm.News (1954), pp. 4017, 4054, 4196):

"Existing law allows an individual to deduct expenses connected with earning income or managing and maintaining income-producing property. Under regulations costs incurred in connection with *contests* over

certain tax liabilities, such as income and estate taxes, have been allowed, but these costs have been disallowed where the *contest* involved gift-tax liability. A new provision added by your committee allows a deduction for expenses connected with determination, collection, or refund of any tax liability.

\* \* \* \* \* \*

"Paragraph (3) is new and is designed to permit the deduction by an individual of legal and other expenses paid or incurred in connection with a *contested* tax liability, whether the *contest* be Federal, State, or municipal taxes, or whether the tax be income estate, gift, property, and so forth. Any expenses incurred in *contesting* any liability collected as a tax or as a part of the tax will be deductible. [Emphasis added.]"

The remarks of the Senate Finance Committee are almost identical to the second paragraph quoted from the House report. See S.Rep.No.1622, 83d Cong., 2d Sess., p. 218, 3 U.S.C. Cong. & Adm.News (1954), pp. 4621, 4855.

The one suggestion, in the legislative history, that the new subsection should go beyond an actual contest of tax liabilities was the statement made to the Senate Committee by the American Bar Association's Section on Taxation. The Association thought that the language of the House Committee report "appears to confine expenses in connection with tax matters to contested tax liabilities," possibly even for the income tax (which previously had been governed by the existing provisions of the Code). To avoid this result the Senate Committee was asked to add "computation" before "determination" in Section 212(3), or to "clarify the point that deductions with respect to taxes are not hereafter to be confined to contested taxes." See 1 Hearings before the Senate Committee on Finance on the Internal Revenue Code of 1954, p. 487. Congress did not adopt either branch of this suggestion.

With this background, the words Congress put into the 1954 Code—"expenses paid or incurred during the taxable year \* \* \* in connection with the determination, collection, or refund of any tax"—could have been read as limited strictly to contested tax liabilities. But the Treasury Department, perhaps in response to the position of the Bar Association's Section on Taxation, has issued a regulation going somewhat back of a tax contest (but not, I think, as far as the majority believes). Treas.Reg. on Income Tax (1954 Code), Sec. 1.212–1(*l*). Certainly the regulation goes back to the time of preparation or consideration of a tax return—a stage which takes place after the occurrence or congealing of the transactions or events to be reflected in the return. It is not entirely clear whether the regulation extends further back to the period when the transactions are still in the process of being planned or the taxable events are still uncertain and *in futuro*. The reference in the regulation to "tax counsel" is ambiguous if read alone. With the significant help of the statutory language and the legislative history, I interpret it, however, not as authorizing the deduction of expenses paid for *any* tax counsel, but only for tax counsel employed in connection with the preparation or consideration of tax returns or with tax proceedings, i. e., tax advice given after the critical events have taken place or been settled. Tax counsel designed to help plan future transactions or arrangements is not covered. I would construe the second sentence of section 1.212–1(*l*) as if it read:

Thus, expenses paid or incurred by a taxpayer for tax counsel or *other* expenses paid or incurred in connection with the preparation of his tax returns or in connection with any proceedings involved in determining the extent of his tax liability or in contesting his tax liability are deductible [italicized word added].

This reading of the regulation seems to me strongly indicated, if not required, by the words of section 212(3), by the legislative history, and by the untoward consequence of adopting the broader view. The words of the Code ("determination,

collection or refund of any tax") connote an appraisal of tax liability on the basis of past or settled events, not a molding of future events to minimize taxes. Each of the three words deals with a function related to taxes already due or about to become due, not with planning ahead. The legislative history treats exclusively with a still more restricted problem, a tax contest; and even the Bar Association's proposal to add "computation" would not, on a normal reading, carry back further than to activities in preparation for a return. The ultimate consequence of the wider view of the regulation, adopted by this court, is that individual taxpayers will be able automatically to deduct counsel fees paid for the general planning of their holdings and estates so as to minimize income, estate, or gift taxes in the years ahead, or for arranging marital or family affairs with the same end of tax-minimization in the future, or for planning charitable or foundation gifts (and allocation of assets) for such a purpose. Hitherto, the large share of these costs which fall outside section 212(1) and (2) have been personal expenses,[1] barred from deduction by Section 262 of the 1954 Code, Treas.Reg. on Income Tax (1954 Code), Sec. 1.262–1, and their predecessors. See United States v. Gilmore, 372 U.S. 39, 44 ff., 83 S.Ct. 623 (1963); United States v. Patrick, 372 U.S. 53, 57, 83 S.Ct. 618, 9 L.Ed.2d 580 (1963); Lykes v. United States, 343 U.S. 118, 121, 125, 72 S.Ct. 585 (1952). I find nothing to intimate that Congress, in adding section 212(3), intended to overturn this accepted position by placing the expenses of trying to reduce one's future taxes in a different category from all the other personal expenses of living.

My view is contrary to that taken by this court in Davis v. United States, 287 F.2d 168, 170–171, 152 Ct.Cl. 805, 809–811, (1961).[2] In reviewing our decision, the Supreme Court expressly left the question open. United States v. Davis, 370 U.S. 65, 74, 82 S.Ct. 1190 (1962).

I do not feel bound by our ruling in Davis (see Mississippi River Fuel Corp. v. United States, Ct.Cl., 314 F.2d 953, 958, decided April 5, 1963, concurring opinion) because this point was not sufficiently argued by the parties—it was but one of several issues in that case—and also because this court did not then have the benefit of the Supreme Court's stress, in its Gilmore and Patrick opinions, on the general demarcation in the income tax law between expenses attributable to business-type or profit-seeking activities and those pertaining to personal affairs.

---

1. If they are expenses at all and do not come within the category of capital expenditures.

2. The Government's position is supported, however, by Kaufmann v. United States, W.D.Mo., 227 F.Supp. 807.