ARTHUR D. McDONALD AND JESSIE L. McDONALD, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 429–67.    Filed April 16, 1969.

*H. Milton Innerfield*, for the petitioners.
*Ferdinand J. Lotz III*, for the respondent.

### OPINION

We are presented with the vexing problem of deciding whether a redemption of corporate stock in the circumstances of this case should be treated as a sale or as the distribution of a dividend. The respondent considers the redemption of the petitioner's preferred stock and his exchange of E & M common stock for the Borden stock to be separate transactions and therefore concedes that the exchange constituted a tax-free reorganization within the meaning of section 368(a) (1) (B). Therefore, we do not have before us any issue as to the propriety of treating the exchange with Borden as tax free. Instead, he attacks the petitioner's treatment of the redemption as a sale of his preferred stock. Accordingly, we will dispose of the case on the basis of the issue so presented.

Under section 302(a), a redemption is to be treated as a sale of the stock if any one of the tests in subsection (b) (1), (2), (3), or (4) is satisfied. The petitioner agrees that there has not been a complete termination of his interest within the meaning of section 302(b) (3); rather, he contends that the plan of reorganization of which the redemption was a part resulted in such a termination of his interest as to indicate that the redemption was not essentially equivalent to a dividend within the meaning of section 302(b) (1).

In a forlorn attempt to provide some certainty in this area of the law, the House, when it passed section 302, provided definite tests for determining when a redemption would be treated as a sale, such as those tests now appearing in paragraphs (2) and (3) of section 302(b). However, the Senate found those tests to be too restrictive and restored the not essentially equivalent to a dividend test. At the same time, the Senate added section 302(b) (5) which provides in part:

In determining whether a redemption meets the requirements of paragraph (1), the fact that such redemption fails to meet the requirements of paragraph (2), (3), or (4) shall not be taken into account. * * *

Furthermore, when the Senate restored the dividend equivalency test, it used essentially the language of section 115(g) of the 1939 Code and stated that it intended to reinstate the existing tests as to whether a redemption is essentially equivalent to a dividend. S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess., p. 44 (1954). Under section 115(g), a substantial change in ownership or a termination of interest was indicative that a redemption was not the equivalent of a dividend. Sec. 29.115–9, Regs. 111; *Northup* v. *United States*, 240 F. 2d 304 (C.A. 2, 1957). Thus, section 302(b)(5) and the legislative history make clear that a redemption resulting in a substantial change in ownership or a termination of interest may qualify under section 302(b)(1) even though it does not come within the precise terms of section 302(b)(2) or (3).

The petitioner seeks to bring his case within the rationale of *Zenz* v. *Quinlivan*, 213 F. 2d 914 (C.A. 6, 1954), decided under the 1939 Code. In that case, the taxpayer, who owned all the stock of a corporation, wished to sell it. She found a purchaser who was interested in acquiring the business of the corporation but did not wish to purchase all its stock; accordingly, they agreed upon a plan under which the purchaser bought part of her stock, and thereafter the remainder was redeemed by the corporation. The court held that since the redemption terminated her interest in the corporation, it was not essentially equivalent to a dividend. The respondent agrees that a redemption under the circumstances involved in the *Zenz* case constitutes a termination of interest within the meaning of section 302(b)(3). Rev. Rul. 55–745, 1955–2 C.B. 223. In addition, we think that the *Zenz* rationale is still applicable in determining whether a redemption is essentially equivalent to a dividend within the meaning of section 302(b)(1).

In *Zenz*, the shareholder sold her stock in a taxable transaction, and after the sale and redemption, she had no continuing interest in the business. The respondent argues that since the acquisition by Borden was a tax-free reorganization, the petitioner must have had a continuity of interest, and that since he had a continuity of interest, his interest was not terminated within the *Zenz* doctrine. We think that this reasoning substitutes fiction for fact.

The record in this case establishes clearly that the redemption was merely a step in the plan of Borden for the acquisition of E & M, so that it is the results of the plan that are significant to us. *Howard P. Blount*, 51 T.C. 1023 (1969); see *United States* v. *Carey*, 289 F. 2d 531, 532 fn. 2 (C.A. 8, 1961). Before the reorganization, the petitioner owned virtually all of the stock in, and had complete control over, E & M. For all practical purposes, his direct interest in E & M was terminated after the reorganization. He continued to serve E & M as an employee for a short time and as a consultant, but those services appear to have been minimal. By means of the redemption and stock

swap, he had liquidated his interest in his company; he had cash and the marketable securities of a large publicly held company and virtually no control or influence whatever over the destiny of the Borden Co. or E & M. Thus, the fact is that the petitioner's investment was changed radically as a result of the completion of the plan of reorganization, even though the exchange of stock may have been tax free.

Our ultimate objective in applying section 302 is to determine whether the redemption so alters the shareholder's interest in the corporation as to resemble a sale or whether it merely distributes corporate earnings with no significant alteration of his interest in the corporation. Obviously, when a redemption results in a complete termination of the shareholder's interest, it is clear that the redemption is not the equivalent of a dividend. *Zenz* v. *Quinlivan, supra.* Moreover, when the redemption results in a substantial reduction in the interest of a shareholder, the change is also indicative that the redemption is not merely a dividend. *Northup* v. *United States, supra.* In applying section 302, it is immaterial whether the redemption resulted in an absolute termination of the shareholder's interest, if it resulted in such a substantial change in his interest as to indicate that it was not the equivalent of a dividend. Nor does it make any difference under section 302 whether the exchange of E & M and Borden stock was taxable or tax free or whether the redemption preceded the exchange. See *United States* v. *Carey, supra;* Bittker & Eustice, Federal Income Taxation of Corporations and Shareholders 295 (2d ed. 1966); 1 Mertens, Law of Federal Income Taxation, sec. 9.104, p. 234. Had there been a redemption which reduced the petitioner's interest from that of 90 percent to 10 percent of the stock of the corporation, no one would contend that the redemption was a dividend. Yet, the change wrought in the petitioner's investment by the reorganization plan was at least as extensive.

We have found that the petitioner did not care whether he received all Borden stock or some Borden stock and some cash for his E & M stock and that it was Borden who suggested and decided upon the redemption of his preferred stock. This finding is based upon the evidence offered by the petitioner. The respondent asks us not to believe the testimony. However, we cannot find the petitioner's testimony to be incredible per se—that is, we cannot say that it is beyond the pale of believability, and the respondent has produced no evidence that contradicts the petitioner's testimony. We wonder why he did not call as a witness the Borden representative in these negotiations, if his version of what happened differs from the petitioner's testimony; instead, the respondent asks us, even though the evidence is not inconsistent, to conclude that the petitioner perjured himself. Under these circumstances, we accept as true the petitioner's description of the negotiations.

The petitioner accepted the original proposal by Borden under which he would have received only Borden stock—no cash, and he was willing to go through with the reorganization irrespective of whether he received all stock or some stock and some cash. These circumstances make it indisputably clear to us that this was not a redemption arranged by the petitioner to withdraw corporate earnings at capital gains rates. We do not mean to imply that if the petitioner had suggested the form of the acquisition, our holding would necessarily be different; we will leave the decision of that case to a later date, when it is presented to us.

The respondent gives as a reason for his position that a decision in favor of the petitioner would allow him to withdraw substantial corporate earnings at no tax (or, if his basis in the redeemed stock were less than the amount distributed, at capital gains rates). That may be true, but such result does not require us to hold that the distribution is a dividend. *Zenz* v. *Quinlivan, supra.* Taking into account all the circumstances of this case, we conclude that the redemption and the reorganization effected such a substantial change in the petitioner's interest in E & M as to establish that the redemption was not essentially equivalent to a dividend.

Our disposition of the case makes it unnecessary for us to consider the many other arguments raised by the parties with regard to the characterization of the redemption.

The petitioner deducted $832.94 on his tax return as amounts paid for legal services in 1961, and the respondent disallowed the deduction in full. The petitioner now concedes that "a substantial part" of this amount was related to legal services incident to the reorganization and is nondeductible, but contends that some part thereof was attributable to estate planning and general business advice and is therefore deductible. The record is absolutely barren of evidence as to what amount if any was spent for deductible legal advice, and we must hold for the respondent on this issue.

*Decision will be entered under Rule 50.*