SIDNEY MERIANS AND SUSAN MERIANS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2358–71. Filed May 8, 1973.

*Robert B. Hendler*, for the petitioners.
*Robert N. Ginsburg*, for the respondent.

SIMPSON, *Judge:* The respondent determined a deficiency of $1,136.32 in the petitioners' 1967 Federal income tax. The only issue for decision is whether the petitioners have shown what portion of a $2,144 attorney's fee was allocable to tax advice.

### FINDINGS OF FACT

Some of the facts have been stipulated, and those facts are so found.

The petitioners, Dr. Sidney Merians and Susan Merians, are husband and wife, who maintained their legal residence in Edison, N.J., at the time the petition was filed in this case. They filed their 1967 joint Federal income tax return with the district director of internal revenue, Newark, N.J.

In 1967, Dr. Merians retained a law firm to prepare an estate plan for him and his wife. The legal services provided by the firm included conferences between Dr. Merians and the attorney in charge of their account. During those conferences, the attorney prepared a worksheet with respect to the petitioners' present taxable estate. The legal services also included the preparation of wills for Dr. and Mrs. Merians, taking into consideration current requirements with respect to qualification for the marital deduction; the establishment of an irrevocable trust for the primary benefit of Mrs. Merians; the transfer to that trust of certain corporate stock; the dissolution of the corporation; and the creation of a partnership, with the trust as a limited partner, to hold the real estate which the corporation had owned. In addition, they included the creation of an irrevocable life insurance trust for the primary benefit of Mrs. Merians and the transfer of life insurance policies to such trust. In connection with the transactions concerning

the life insurance trust, a conference was held, which included a second attorney. Gift tax returns were prepared by the principal attorney with respect to the transfers to the trusts.

The petitioners received a bill of $2,144 for the aforementioned legal services, based on 42.8 hours of legal services at the rate of $50 per hour. On their joint Federal income tax return for 1967, the petitioners claimed a deduction for the $2,144 which they paid to the law firm.

OPINION

The issue for decision is whether the petitioners have shown what portion of the legal fee was allocable to tax advice. They contend that the fee pertained solely to services and advice on tax matters and that it is, therefore, deductible in its entirety under section 212(3), I.R.C. 1954.[1] In his brief, the respondent admits that "there is a probability that some of the legal fee represented services which are deductible under section 212(3)," but he contends that the record is completely devoid of any evidence furnishing a basis on which to make an allocation. His position here seems to be the same as he adopted in Rev. Rul. 72–545, 1972–2 C.B. 179, in which he stated that if a reasonable basis exists for allocating a portion of the legal fee incurred in connection with a divorce proceeding to tax counsel, such portion is deductible under section 212(3). Accordingly, we consider that the respondent agrees that any portion of the legal fee which can be found to be attributable to tax advice, irrespective of its nature, is deductible and that the only issue before us is one of allocation. See *United States* v. *Davis*, 370 U.S. 65, 74 (1962).

The petitioner has the burden of proof in establishing what portion of the fee was allocable to tax advice. *Arthur D. McDonald*, 52 T.C. 82, 89 (1969); *George L. Schultz*, 50 T.C. 688, 699–700 (1968), affirmed per curiam 420 F. 2d 490 (C.A. 3, 1970). In attempting to meet such burden, the petitioners rely on the testimony of the attorney in charge of their account. He testified that he did a "great deal of tax work," that the estate plan which was adopted was based on his recommendations, and that such recommendations were made "for tax implications only." The attorney further testified that "The discussions with respect to his [Dr. Merians'] death and where the property would go was five minutes. He wanted it to go to his wife and children." The attorney also testified that he spent 2 hours in preparing Dr. Merians' will "as an instrument of the conveyance and the balance of the time in regards to the creation of the irrevocable trust, the trans-

---

[1] All statutory references are to the Internal Revenue Code of 1954.

fer of the property from the corporation into the trust, stock, preparaion of the gift tax return and complete analysis of the estate."

A complete analysis of an estate involves more than a consideration of tax consequences; in fact, it is basically concerned with transferring the client's property to the persons he wishes to receive it. The client's financial condition, the nature of his property, the extent to which he wants various persons to share in his estate, the needs and capacity of each intended beneficiary, the details of State law, and the need for flexibility are among the multitude of factors which are considered in establishing a plan to dispose of a client's wealth. Casner, Estate Planning, ch. 1 (3d ed. 1961) ; Holzman, Estate Planning, ch. 1 (1967) ; Trachtman, Estate Planning, ch. 1 (rev. ed. 1968). Although the attorney testified that the discussion as to who would be the beneficiaries of the estate was very brief, he did not testify as to the time which was spent in evaluating such factors as each beneficiary's ability to manage funds, the state of the title to Dr. Merians' property, the amount of control which Dr. Merians desired to maintain over his property during his life, Dr. Merians' present and future financial needs, the reliability of potential trustees, or the State law difficulties which might be encountered in disposing of Dr. Merians' property. It is apparent, however, that such considerations and similar ones took more than 5 minutes of the attorney's time and that they involved substantial nontax considerations. Indeed, the mere drafting of Dr. Merians' will as an "instrument of the conveyance" took 2 hours, and there is no indication as to how long it took to draft the trust instruments or to arrange for the transfer of the life insurance policies and corporate stock or to dissolve the corporation and form the partnership. The testimony of the attorney that he generally spent a "great deal of time" doing tax work is vague, and it clearly does not show the amount of time which he spent on tax considerations in preparing Dr. and Mrs. Merians' estate plan. We realize that in establishing the estate plan, the attorney considered the tax implications of his actions, but we cannot accept the proposition that he considered only such implications, especially since his client did not retain separate counsel for advice on the nontax aspects of the estate plan. We also recognize that in establishing an estate plan, choices made for personal nontax reasons may have tax implications, but the consideration of such implications does not convert into tax advice the advice given concerning nontax problems.

The bill for the legal services did not include an itemization of the services performed and the time spent on each activity, nor did the attorney's testimony provide such information. The petitioners' failure to provide such information makes it difficult for us to deter-

mine how much of the fee was allocable to tax advice. However, contrary to the respondent's contention, such failure does not render the record completely devoid of any evidence on which to make an allocation. We do have the attorney's testimony, and it convinces us that a significant portion of his services consisted of tax advice. Yet, because of the vagueness of such testimony and the lack of specificity, the allocation must be weighted heavily against the petitioners. We find that 20 percent of the fee was for tax advice. *Cohan* v. *Commissioner*, 39 F. 2d 540, 543–544 (C.A. 2, 1930) ; *Earl Vest*, 57 T.C. 128, 149 (1971) ; *Estate of A. P. Steckel*, 26 T.C. 600, 609 (1956), affirmed per curiam 253 F. 2d 267 (C.A. 6, 1958). Such amount is deductible in this case. The petitioners have not claimed that any additional amount is deductible under a section other than section 212(3), and, in any event, the evidence as to the other legal activities is insufficient to justify allowing any additional deduction.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

Scott, *J.*, concurring: While I agree with Judge Sterrett's concurring opinion, I wish to stress the importance in this case to me of the fact that respondent's concession (which is in accordance with his Rev. Rul. 72–545, 1972–2 C.B. 179, that is in my view an incorrect interpretation of section 212(3) ) lulled petitioners into offering proof only as to the portion of the attorney's fees allocable to "tax advice." Had respondent not conceded the deductibility of attorney's fees paid for "tax advice" in estate planning, petitioners might well have shown that some of the advice they received was such that a portion of the legal fees would be deductible under section 212(2). See *Nancy Reynolds Bagley*, 8 T.C. 130 (1947). Fairness would dictate that we reopen this case to permit petitioners to prove what portion, if any, of the attorney's fees they paid would be deductible under section 212(2) if we refused to accept respondent's concession which narrowed the issue for trial to one of fact. Except for the limitation of the issue tried because of respondent's concession, I would agree with Judge Quealy's dissent in this case. As pointed out by Judge Davis in his dissent in *Carpenter* v. *United States*, 338 F. 2d 366, 371–372 (Ct. Cl. 1964), under the view adopted by respondent in Rev. Rul. 72–545, *supra*, and his concession in this case, "individual taxpayers will be able automatically to deduct counsel fees paid for * * * personal expenses, [fn. omitted] barred from deduction by Section 262 of the 1954 Code * * *." Such a result appears to me, as further pointed out in Judge Davis' dissent, to be contrary to the statement of the Court in *United States* v. *Gilmore*,

372 U.S. 39 (1963), to the effect that expenses which have their origin in "family" or "personal" matters are not deductible because of the provisions of section 262. The cost of planning by a taxpayer for the disposition of property after his death is to me clearly for a personal undertaking as distinguished from the cost of planning for the present best use of property for its conservation and income production, which cost is deductible under section 212(2), not section 212(3).

Goffe, J. agrees with this concurring opinion.

———

Fay, J., concurring: While I am in agreement with the approach taken by the majority, I also believe Judge Scott's suggestion regarding section 212(2) is well taken.

Having once decided that a portion of the attorney's fee is allocable to estate-planning tax advice, we should examine the possibility of allowing a deduction for that fee under section 212(2).

It is clear that section 212(2) has been interpreted to permit a deduction for "management" expenses even though they were not incurred for the production of income. See *Trust of Bingham* v. *Commissioner*, 325 U.S. 365, 373–74 (1945). The question to be answered is whether expenses incurred for estate-planning tax advice are ordinary and necessary management expenses within the intendment of section 212 (2). See *Trust of Bingham* v. *Commissioner, supra.* In this day of high taxes, when efforts are being made to encourage voluntary compliance with our system of taxation, it seems ludicrous to contend that tax advice of any type is not a proper management function of property held for the production of income. Furthermore, it appears that this Court and the Commissioner believed such expenses to be proper 212 (2) expenses in 1947. See *Nancy Reynolds Bagley*, 8 T.C. 130, 133, 135 (1947), acq. 1947–1 C.B. 1.

———

Tannenwald, J., concurring: The majority opinion clearly states that, in the posture of this case, the only issue before the Court is one of allocation of the amount of a legal fee paid for "tax advice, irrespective of its nature." Under these circumstances, I think it unfortunate that this case is being used as a vehicle for expressing individual views as to other issues relating to the substantive impact of section 212(2) and (3) in situations involving advice as to estate tax planning. Such expression can easily confuse taxpayers and tax practitioners as to what the views of this Court on such issues would actually be when, as, and if they were presented for decision.

Hall, J., agrees with this concurring opinion.

STERRETT, *J.*, concurring: I concur in the result in the instant case solely on the basis that respondent has conceded that a portion of the legal fee in issue related to tax advice and that that portion is deductible. However, I wish to make it clear that, in my view, the only portion of the fee which is deductible under section 212(3) is that portion allocable to the preparation of the gift tax returns. It is that portion, and that portion only, that relates to the "determination, collection, or refund" of a tax.

This is not to say that an additional portion of the fee may not be deductible under section 212(2) as an amount paid "for the management, conservation, or maintenance of property held for the production of income." Thus it is, I accept respondent's concession with respect to result but not his means, sec. 212(3), to that end.

SCOTT and WILES, *JJ.*, agree with this concurring opinion.

---

WITHEY, *J.*, dissenting: In order to avoid meeting the primary issue in this case, the majority has treated the issue as having been conceded by respondent. It has done so by treating the conjecture of respondent on brief that "there is a *probability* that some of the legal fee represented services which are deductible under section 212(3)" as a concession of the subsection (3) issue. (Emphasis supplied.) It has long been settled that a concession or stipulation of parties litigant with respect to law will not bind the Court when it does not agree with their construction thereof. *Ohio Clover Leaf Dairy Co.*, 8 B.T.A. 1249 (1927), affirmed per curiam 34 F.2d 1022 (C.A. 6, 1929), certiorari denied 280 U.S. 588; *Elaine Yagoda*, 39 T.C. 170 (1962), affd. 331 F.2d 485 (C.A. 2, 1964).

The primary issue thus avoided is whether or not attorney fees for services rendered in estate planning are deductible as expenses paid or incurred for the determination, collection, or refund of any tax.

Having presided at the trial of this case, I would find the facts (other than jurisdictional) herein as follows:

Petitioners claimed a deduction in the amount of $2,144 for legal services on their Federal income tax return for 1967, which deduction was disallowed by the respondent.

The fee for legal services included fees for conferences between petitioners and their attorney, Benjamin Weiner (hereinafter called Weiner), with respect to their present taxable estate.

The fee also included fees for preparation of a last will and testament for each spouse, taking into consideration current requirements with respect to assurance that property passing to either spouse qualifies for the marital deduction.

The fee also included a charge for creation of an irrevocable trust for the benefit of Susan and the transfer of certain corporate stock to the trust.

Subsequent to the transfer of corporate stock to the irrevocable trust, the corporation was dissolved and the trust became a limited partner in real estate formerly held by the corporation.

The fee also included a fee for transferring life insurance policies from Sidney Merians to his wife and for creation of an irrevocable life insurance trust for the benefit of Susan.

The fee also included a fee for reconveying the insurance policies from Susan to Sidney and thence to the trust.

With respect to the life insurance aspect of the case, the fee included a charge for conferences with Robert Hendler, an attorney.

The fee also included fees for the preparation of gift tax returns with respect to gifts to the irrevocable trusts.

Weiner did not give petitioners an itemized bill for the aforementioned legal services. The legal fee represented 42.8 hours of legal services at $50 per hour.

My rationale in meeting the issue and disposing of it is as follows:

Respondent contends that attorney's fees in the amount of $2,144 paid by petitioners during the taxable year 1967 represent nondeductible personal expenses [1] since petitioners have not shown what portions, if any, are deductible under section 212 [2] of the 1954 Code as expenses incurred for the management, conservation, or maintenance of property held for the production of income under section 212(2) or as tax advice under section 1.212–1, Income Tax Regs.

Respondent's determination is presumptively correct and the burden of proof is upon the petitioners to establish by a preponderance of the evidence what amount, if any, was expended for legal services that would qualify for deduction within the intendment of section 212. *Arthur D. McDonald*, 52 T.C. 82, 89 (1969) ; *George L. Schultz*, 50 T.C. 688 (1968), affirmed per curiam 420 F.2d 490 (C.A. 3, 1970).

During the taxable year 1967, petitioners paid the law firm of Weiner and Schoifet a fee of $2,144 for 42.8 hours of legal services for estate planning, including the preparation of two wills and two irrevocable trusts for the benefit of the petitioner wife, Susan. Peti-

---

[1] SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.

Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

[2] SEC. 212. EXPENSES FOR PRODUCTION OF INCOME.

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

(1) for the production or collection of income ;

(2) for the management, conservation, or maintenance of property held for the production of income ; or

(3) in connection with the determination, collection, or refund of any tax.

tioner then made gifts to each of the trusts for the benefit of Susan. Weiner also prepared gift tax returns. There was no allocation of the bill between a deductible portion, if any, and the nondeductible. Weiner, who received the principal portion of the fee, allocated $100 of the total fee to the nondeductible preparation of the wills. There was, however, no allocation to the two gifts in trust for the benefit of Susan. Petitioners contend that all of the expenses for these legal services are deductible under section 212(3) of the 1954 Code as interpreted in section 1.212–1(1), Income Tax Regs.,[3] since they pertain solely to services and advice on tax matters.

Respondent agrees that legal expenses incurred or paid for "tax counsel," as that term is used within the context of section 1.212–1(1), Income Tax Regs., are deductible under section 212. However, respondent avers that petitioners have failed to make an allocation between the tax deductible, if any, and the nondeductible portions of the fee in controversy; and also have failed to demonstrate that the tax advice which they received from Weiner comes within the ambit of section 1.212–1(1), Income Tax Regs.

With respect to the two wills involved herein, petitioners concede that the fee for the preparation of their wills is not deductible. *Estate of Helen S. Pennell*, 4 B.T.A. 1039 (1926). Their witness, Weiner, estimated that his fee for the two wills (consisting of 23 legal-size typewritten pages) was $100. I would hold that this amount constitutes a nondeductible personal expense under section 262.

Petitioners, who have the burden of proof, have made no effort to allocate the remaining $2,044 to the various elements of legal services under review. *Arthur D. McDonald, supra.* Weiner made no other estimates of the fees charged for the other services rendered by him. Respondent concedes that the cost of preparing and filing the gift tax returns is deductible. Consequently, bearing heavily on petitioners, because the inexactitude is due at least in part to them, I would apportion the fee with respect to the charge for the gift tax returns. *Cohan v. Commissioner*, 39 F.2d 540, 543–544 (C.A. 2, 1930) ; *Estate of A. P. Steckel*, 26 T.C. 600, 609 (1956), affirmed per curiam 253 F.2d 267 (C.A. 6, 1958). Using my best judgment in light of the evidence available, I would conclude that $150 was expended for the preparation and filing of the gift tax returns and is thus a deductible expense in

---

[3] Sec. 1.212–1 Nontrade or nonbusiness expenses.

(1) Expenses paid or incurred by an individual in connection with the determination, collection, or refund of any tax, whether the taxing authority be Federal, State, or municipal, and whether the tax be income, estate, gift, property, or any other tax, are deductible. Thus, expenses paid or incurred by a taxpayer for tax counsel or expenses paid or incurred in connection with the preparation of his tax returns or in connection with any proceedings involved in determining the extent of his tax liability or in contesting his tax liability are deductible.

1967. Sec. 1.212–1(1), Income Tax Regs. See *Earl Vest*, 57 T.C. 128, 149 (1971).

As to the two trusts involved herein, I would hold that the cost attributable to their creation and the preparation of the related documents, along with the arrangements for the gifts thereto, is not deductible under section 212. *Nancy Reynolds Bagley*, 8 T.C. 130, 135 (1947). No estimate of the amount of time spent in the creation of these two trusts, or the charge therefor, was introduced into evidence. Howbeit, the transfer of the stock to one trust and of the insurance policies to the second trust was not related to the production or collection of income, or the management or conservation of property held for such purposes. I do not believe that the advice with respect to what insurance policies should form the corpus of the trust is an act of management or conservation under section 212(2). *Nancy Reynolds Bagley*, *supra* at 135. Nor do I think that the tax counsel rendered with respect to this trust was "in connection with the determination, collection, or refund of any tax" under section 212(3).

As to the balance of the fee in question ($1,894), I do not believe that this portion was paid or incurred by petitioners during the taxable year 1967 "for the management, conservation, or maintenance of property held for the production of income" within the intendment of section 212(2). It is settled that expenditures for professional services paid or incurred by reason of contesting income taxes, preparation of income tax returns, and other services directly connected or proximately resulting from the management of property for the production of income are deductible under section 212(2). None of the services involved herein had an effect on the income-producing assets themselves. Their only effect was to change the ownership by gift thereof from individuals to trusts. *Trust of Bingham* v. *Commissioner*, 325 U.S. 365 (1945); *Frederick E. Rowe*, 24 T.C. 382, 384 (1955); *David L. Loew*, 7 T.C. 363 (1946); *Stella Elkins Tyler*, 6 T.C. 135 (1946); *William Heyman*, 6 T.C. 799 (1946); *Howard E. Cammack*, 5 T.C. 467 (1945). However, expenses paid or incurred as in the instant proceeding for legal services in rearranging ownership of such property by means of a trust, or to minimize the taxation of such property at some time in the future, are not deductible from gross income under section 212(2). See *Frank M. Cobb*, 10 T.C. 380, 383 (1948), affd. 173 F.2d 711 (C.A. 6, 1949); *Nancy Reynolds Bagley*, *supra* at 135. Accordingly, I would hold that the amount in dispute is not deductible under this subsection.

I find no merit in petitioners' contention that the fee in controversy pertains "solely to services and advice on tax matters" and is therefore deductible from their gross income for 1967 under section 212(3),

as interpreted in section 1.212–1(1), Income Tax Regs. This subsection of the Code, added in 1954, allows a deduction for expenses connected with the determination, collection, or refund of any tax. The provision is broad enough to require the allowance of deduction for ordinary and necessary expenses paid or incurred in connection with the preparation of any kind of tax return, Federal, State, or municipal, as well as such expenses paid or incurred in connection with any kind of tax controversy, including costs of tax advice, legal accounting, and other professional fees, clerical and stenography costs, and other usual expenses arising in the preparation of returns or the prosecution or defense of any civil tax controversy, administrative or judicial. *Charles Crowther*, 28 T.C. 1293 (1957), reversed on other grounds 269 F.2d 292 (C.A. 9, 1959). See *James A. Collins*, 54 T.C. 1656, 1666 (1970). As I construe section 212(3) and the correlative regulation, I would find that the deductibility of expenses for tax counsel for services and advice on tax matters is limited to the computation or contest of an actual and existing tax liability for completed tax years or periods with taxing authorities.

The legislative history clearly indicates the congressional intent to limit the provisions of the new paragraph (3) [4] added to section 212 to actual contested tax liability, and precludes any expenses incident to a determination of tax liability prior to the period when it becomes due or contested. The report of the Ways and Means Committee (H. Rept. No. 1337, 83d Cong., 2d Sess., pp. 29, A59), states as follows:

> Existing law allows an individual to deduct expenses connected with earning income or managing and maintaining income-producing property. Under regulations costs incurred in connection with contests over certain tax liabilities, such as income and estate taxes, have been allowed, but these costs have been disallowed where the contest involved gift-tax liability. A new provision added by your committee allows a deduction for expenses connected with determination, collection, or refund of any tax liability.

> \*     \*     \*     \*     \*     \*     \*

> Paragraph (3) is new and is designed to permit the deduction by an individual of legal and other expenses paid or incurred in connection with a contested tax

---

[4] In 1952, the Supreme Court held that an individual taxpayer could not deduct for Federal income tax purposes, attorneys' fees paid for contesting a gift tax deficiency. *Lykes* v. *United States*, 343 U.S. 118 (1952). At that time the Internal Revenue Code, as it does now, permitted individuals to deduct nontrade or business expenses incurred "for the production or collection of income; or for the management, conservation or maintenance of property held for the production of income," but the Court ruled, with three dissenters that lawyers' fees for contesting a gift tax, unlike a dispute over the income tax or the estate tax, did not fall into either of those classes. This decision was the direct stimulus for the inclusion of sec. 212(3) of the 1954 Code, and the legislative history shows that Congress did not contemplate going beyond permitting the deduction of attorneys' fees (or other expenses) paid in contesting tax liabilities or in dealing with the taxing authorities.

liability, whether the contest be Federal, State, or municipal taxes, or whether the tax be income, estate, gift, property, and so forth. Any expenses incurred in contesting any liability collected as a tax or as part of the tax will be deductible.

The remarks of the Senate Finance Committee are almost identical to the second paragraph quoted from the House report. See S. Rept. No. 1622, 83d Cong., 2d Sess., p. 218.[5]

In my opinion, the words of section 212(3), "determinations, collections, and refunds," connote an appraisal of tax liability on the basis of post or of settled events, not a molding of future events to reduce taxes. Each of the three words deals with a function related to taxes already due, not with planning ahead for arranging personal or family affairs, especially those which are testamentary in character, in order to minimize taxes in the future. Similarly, I do not believe that the effect of section 1.212-1(l), Income Tax Regs., extends back to the period when the transactions are still in the stage of being planned for future tax consequences or the taxable events are still uncertain and *in futuro*. Admittedly, the reference in the regulations to "tax counsel" is ambiguous if read alone. But when the term is considered with the aid of the statutory language, and the legislative history, I interpret it, not as authorizing the deduction of expenses for *any* tax counsel, but only for tax counsel employed for services with respect to the preparation or consideration of tax returns or with tax proceedings, i.e., tax advice given after the critical events have occurred. Expenditures for tax counsel to help plan future transactions or the rearrangement of property for estate planning do not come within the regulation or the statute.

Petitioners rely on *Carpenter* v. *United States*, 338 F. 2d 366 (Ct. Cl. 1964), in support of their position that the counsel fee in question is deductible under section 212(3), notwithstanding that the services were not rendered in connection with any contested tax liability. Suffice it to say I do not accept the wider view of the regulation adopted in *Carpenter*. In lieu thereof I would adopt the dissenting opinion of Judge Davis therein.

HOYT and IRWIN, *JJ.*, agree with this dissent.

---

[5] We note one suggestion in the legislative history that the new subsection should be applied in cases where there was no actual contest of tax liabilities in the statement made to the Senate committee by the American Bar Association's Section on Taxation. The association thought that the language of the House committee report "appears to confine expenses in connection with tax matters to contested tax liabilities," possibly even for the income tax (which previously had been governed by the existing provisions of the Code). To avoid this result, the Senate committee was asked to add "computation" before "determination" in sec. 212(3), or to "clarify the point that deductions with respect to taxes are not hereafter to be confined to contested taxes." See 1 Hearings before Senate Committee on Finance on the Internal Revenue Code of 1954, p. 487. Congress did not adopt either of these suggestions.

QUEALY, *J.*, dissenting: In this case, the petitioner claimed a deduction for legal and related services in connection with "estate planning," namely, the recommendations of his attorney and the preparation of documents relating to the disposition of his assets either inter vivos by gift or upon his death by will. The opinion of the majority is based on the supposed concession by the respondent that charges for legal services in connection with "estate planning" are deductible under section 212(3)[1] to the extent that such charges are allocable to tax advice. With this I cannot agree. Such services constitute a personal expenditure which the Congress never intended should be allowed as a deduction for tax purposes. Since no proof was offered with respect to that portion of the fee attributable to other services, incident to the estate planning, which might be deductible under section 212, I find no basis for the application of the so-called "Cohan rule" (*Cohan* v. *Commission*, 39 F. 2d 540 (C.A. 2, 1930)).

Section 212(3) was enacted as a part of the Revenue Act of 1954 with a specific purpose in mind, namely, to extend to the determination of a gift tax liability the same treatment that had been accorded to income and estate taxes.[2] In the case of the income tax, the deduction is allowed to the taxpayer. In the case of the estate tax, the deduction is allowed to the estate or to the beneficiary liable for the tax. In the case of a gift tax, the deduction is allowed to the person who likewise is liable for the gift tax. On the other hand, in the case of "estate planning," there is no impending tax liability and, insofar as the taxpayer incurring the expense is concerned, there never will be. Prior to his death, there is no one liable for any tax. The determination of the liability with respect to estate taxes rests primarily with the executor or administrator and expenses incident thereto are deductible as a part of the cost of administration.

The respondent disallowed the full amount claimed by the petitioner. At the trial, the petitioner sought to prove that some amount was deductible as an expense relating to the "determination" of a tax within the meaning of section 212(3). Since no part of the expense could conceivably qualify on the basis claimed, decision should be entered for the respondent.

WITHEY, HOYT, and IRWIN, *JJ.*, agree with this dissent.

---

[1] Sec. 212 *provides*:
SEC. 212. EXPENSES FOR PRODUCTION OF INCOME.
In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—
    (1) for the production or collection of income;
    (2) for the management, conservation, or maintenance of property held for the production of income; or
    (3) in connection with the determination, collection, or refund of any tax.
[2] H. Rept. No. 1337, to accompany H.R. 8300, 83d Cong., 2d Sess., pp. 29, A59 (1954).