ARTHUR K. AND BETTY A. WONG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wong v. Commissioner
Docket No. 32755-86
United States Tax Court
T.C. Memo 1989-683; 1989 Tax Ct. Memo LEXIS 683; 58 T.C.M. (CCH) 1073; T.C.M. (RIA) 89683; December 28, 1989
*683 Ps incurred a legal expense for estate planning services. Held, 20 percent of the legal expense is deductible as tax advice under I.R.C. section 212(3). Merians v. Commissioner, 60 T.C. 187 (1973), followed. Held further, Ps have failed to establish that any portion of the legal expense is deductible under I.R.C. sections 162(a), 212(1) or 212(2). G. Alohawiwoole Altman and Lauren W. Schutter, for the petitioners. Kenneth W. McWade, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Chief Judge: Respondent determined a deficiency in petitioners' 1983 Federal income tax in the amount of $ 910. The issue for decision is what portion, if any, of a legal fee paid by petitioners for estate planning services is deductible under I.R.C. sections 162 or 212. (Unless otherwise *685 indicated, all section references are to sections of the Internal Revenue Code in effect for 1983. All Rule references are to the Tax Court Rules of Practice and Procedure.) FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Hilo, Hawaii, at the time they filed their petition. Petitioners, as husband and wife, filed a joint Federal income tax return for 1983. During 1983, petitioners were engaged in flower growing, rental property and cattle ranching activities. In 1983, petitioners became interested in creating an estate plan. On or about October 3, 1983, petitioners entered into an "Agreement for Legal Services" with the law corporation of Altman and Vanairsdale (the law firm). Petitioners met several times with G. Alohawiwoole Altman (Altman), an attorney of the law firm, to discuss an estate plan. Altman had petitioners complete a form titled "Information Required for Tax and Estate Plan Analysis" (the form) which petitioners returned to Altman. After analyzing the form and speaking with petitioners, Altman recommended that petitioners *686 create a trust. He explained the operation of "marital" and "nonmarital" trust provisions to petitioners. Petitioners selected a revocable grantor inter vivos trust which included both marital and nonmarital trust provisions. By trust agreement executed on or about October 3, 1983, petitioner Arthur Wong (Arthur), as grantor, established the "Arthur Y. K. Wong and Betty A. Wong" revocable inter vivos trust (the trust). Arthur and petitioner Betty Wong (Betty) served as co-trustees and their daughter Roberta B. Fithian was designated the successor trustee. The trust agreement had been prepared by the law firm. The law firm provided all legal services and counseling in connection with the preparation, execution and implementation of the trust agreement. The trust corpus consisted of petitioners' residence, a rental residence, a percentage interest in unimproved land, individual retirement accounts, shares of stock, a note receivable, several bank accounts, savings certificates and four life insurance policies. Petitioners, as trustees, continued to manage these assets in exactly the same manner as they had before the trust was created. The law firm spent 36 hours in preparing *687 the trust agreement, reviewing legal documents and providing estate planning advice to petitioners. On October 3, 1983, the law firm provided petitioners with a bill in the amount of $ 5,660. In payment of the bill, Betty issued a check on October 3, 1983, payable to the law firm in the amount of $ 5,660. On the same date, the law firm supplied petitioners with a statement which itemized the services it performed as follows: Service
Amount
Will preparation $   208
Tax counsel
5,408
Xeroxing and recording
44
TOTAL
$ 5,660
The statement did not include an hourly itemization of the services provided. On Schedule A of their 1983 joint Federal income tax return, petitioners claimed the $ 5,408 legal expense as a miscellaneous deduction. By statutory notice of deficiency dated July 31, 1986, respondent disallowed petitioners' claimed legal expense deduction because he determined that petitioners had failed to establish that they were entitled to the deduction under section 162 or 212. OPINION Initially, we note that petitioners do not contend that the fees incurred in connection with xeroxing, recording or the preparation of their wills are deductible. *688 Therefore, the issue for decision is what, if any, portion of the $ 5,408 legal fee is deductible by petitioners under section 162 or 212. Petitioners first contend that the $ 5,408 legal expense was incurred in the operation of their flower growing, rental property and cattle ranching activities and is, therefore, deductible under section 162(a). Section 162(a) generally provides that "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business" may be deductible. Petitioners' legal expense was incurred for estate planning services and not in carrying on any trade or business. Therefore, the legal expense is not deductible under section 162(a). Petitioners next contend that the legal expense is deductible under section 212(1) or 212(2). Respondent asserts that the legal expense was incurred to create a trust solely for personal reasons and that the fee is a nondeductible personal expense within the meaning of section 262. Section 212(1) permits *689 a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of taxable income. Sec. 1.212-1(a)(1), Income Tax Regs. In the instant case the $ 5,408 was paid to change the manner in which title to petitioners' property was held, that is, by trust rather than by petitioners, and not to produce or collect taxable income. See Morgan v. Commissioner, T.C. Memo. 1978-401. Petitioners have failed to establish that any portion of the legal expense was incurred for the production or collection of income. Therefore, no portion of the legal expense is deductible under section 212(1). Section 212(2) allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year for the management, conservation, or maintenance of property held for the production of income. Expenses incurred, however, for rearranging title to income-producing property, for planning one's personal and family affairs or for retaining ownership of property are not deductible under section *690 212(2), but are nondeductible personal expenditures within the meaning of section 262. Luman v. Commissioner, 79 T.C. 846, 856 (1982); Epp v. Commissioner, 78 T.C. 801, 804-805 (1982). In the instant case the $ 5,408 legal expense was incurred in connection with the creation of a revocable grantor inter vivos trust. The trust corpus consisted of nonincome-producing property, such as petitioners' residence and life insurance policies, and income-producing property, such as shares of stock and bank accounts. The legal expense was incurred in rearranging title to the income-producing assets and planning petitioners' personal affairs. Petitioners managed their assets in exactly the same manner as they had before creation of the trust. The legal services provided by the law firm were not in the nature of investment advice for the management of petitioners' income-producing property. Cf. Bagley v. Commissioner, 8 T.C. 130 (1947); Vest v. Commissioner, 57 T.C. 128, 148-149 (1971), revd. on different grounds 481 F.2d 238 (5th Cir. 1973); see Luman v. Commissioner, supra at 856-857. *691 Therefore, no portion of petitioners' legal expense is deductible under section 212(2). Next, we turn to section 212(3). Expenses paid or incurred for tax counsel are deductible under section 212(3). Section 1.212-1(1), Income Tax Regs.; Luman v. Commissioner, supra at 859; Epp v. Commissioner, supra at 805. Petitioners bear the burden of proving what portion of the $ 5,408 legal expense was incurred for tax counsel. Rule 142(a). Petitioners contend that 78 percent of the legal fee should be allocated to tax advice. On brief, petitioners assert that 28 hours of the total of 36 hours spent by the law firm in preparing their estate plan are attributable to tax planning. We are satisfied that some tax planning is inherent in the usual estate planning project such as this, but the record contains no evidence that 28 hours were spent on tax planning. No time sheets were submitted or testimony given which would provide an itemization of the legal work on an hourly basis. We cannot accept the proposition that 78 percent *692 of the law firm's time was spent considering only tax implications, especially since petitioners did not retain separate counsel for advice on the nontax aspects of the estate plan. Petitioners' assertion to the contrary on brief is conclusory and self-serving. As we stated in Merians v. Commissioner, 60 T.C. 187, 189 (1973): A complete analysis of an estate involves more than a consideration of tax consequences; in fact, it is basically concerned with transferring the client's property to the persons he wishes to receive it. The client's financial condition, the nature of his property, the extent to which he wants various persons to share in his estate, the needs and capacity of each intended beneficiary, the details of State law, and the need for flexibility are among the multitude of factors which are considered in establishing a plan to dispose of a client's wealth. * * * In the instant case, the billing statement provided by the law firm did not include an itemization of the time spent on the services performed, nor did Altman's testimony provide such information. Petitioners' failure to provide such information makes it difficult for us to determine *693 how much of the fee was allocable to tax advice. However, contrary to respondent's contention, such failure does not render the record completely devoid of any evidence on which to make an allocation. Altman's testimony and the trust agreement convince us that some portion of the legal services that were provided consisted of tax advice. We accept the proposition that in establishing the estate plan, Altman considered the tax implications of his actions, as reflected in the marital and nonmarital trust provisions. Merians v. Commissioner, supra; see Kincaid v. Commissioner, T.C. Memo. 1986-543. Because of the vagueness of the evidence before us, however, the allocation must be weighed heavily against petitioners. We find that 20 percent of the $ 5,408 fee was for tax advice and is deductible under section 212(3). Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), affg. in part 11 B.T.A. 743 (1928); Merians v. Commissioner, supra at 189-190. Decision will be entered under Rule 155.